JAMES R. WALKER *et al.*, plaintiffs in error, *vs.* DAVID K. WALKER *et al.*, defendants in error.

Where a bill was filed to enforce the delivery of cotton under a contract entered into between the parties thereto, and for damages for non-performance thereof, and by order of the Judge a bond was required in the sum of $50,000 00 from the defendant, conditioned for the performance, or to answer the decree of the Court, and upon the hearing a consent verdict was taken and judgment entered up against the principal and his securities upon said bond, and the securities moved to vacate and set aside the judgment as to them, which was granted by the Court:

*Held*, That the judgment of the Court below was correct. The right to enter up judgment against securities at the same time with their principal, exists only by statute, and can only be done in such cases where the statute has changed the common law. In cases of bonds *quia timet*, while the ultimate liability of such securities may be fixed as to the amount by the judgment against their principal, and the spirit of our law is to disencumber legal rights from unnecessary formalities or multiplicity of suits, still in cases like the present it requires a legislative act to authorize the Courts to apply the analogies, arising under the grants of power conferred ·in cases of securities under other statutes, against securities on appeal, attachment, garnishment, *certiorari*, writs of error and claim.

42  141
f112 612

Securities. Equity. Before Judge GIBSON. Upson Superior Court. May Adjourned Term, 1870.

All the facts necessary to an understanding of the points in this cause, passed upon by this Court, are set forth in the opinion.

CABANISS & PEEPLES, SPEER & BECK, for plaintiffs in error. It was right to enter judgment against the sureties on this *quia timet* bond, at the time judgment was entered against their principal: 28th Ga. R., 566 ; 1st, 72. No suit necessary, the Court will mould a decree: 39th Ga. R., 82; R. Code, secs. 3027, 3030. By analogy: 40th Ga. R., 26 ; R. Code, sec. 3370.

DOYAL & NUNNALLY, S. HALL, for defendants. There could not have been any specific performance: R. Code, sec. 3132. *Ergo*, no analogy with suit for specific property : R. Code, secs. 3370, 3371 ; nor with appeal bonds: *Ibid*, sec. 3513 ; nor with replevy bonds in attachments : *Ibid*, sec. 3243 ; nor with bonds to dissolve garnishment : *Ibid*, sec. 3488 ; nor with *certiorari* bonds : *Ibid*, sec. 3982 ; nor with *supersedeas* bonds: *Ibid*, secs. 4203, 4222 ; nor with bonds to appeal from Ordinary : *Ibid*, sec. 3550. In no other case is this right given by statute: 1st Kelly, (Ga. R.,) 73, 74 ; 28th, 566 ; 6th, 418. Courts of Equity cannot add to obligations and liabilities: 17th Ga. R., 77.

LOCHRANE, C. J.

It appears from the record in this case, that one N. F. Walker, being indebted to the plaintiffs in error, in the sum of $46,000, on the 27th of September, 1865, entered into a written agreement with them, by which he promised, in settlement of such indebtedness, " to pay and to deliver to them, by the 25th of December next thereafter, two hundred and fifty bales of cotton, for which he was to receive twenty-six

Walker *et al. vs.* Walker *et al.*

cents per pound." In pursuance of this agreement, he delivered a portion of the cotton, and then refused further delivery, on account of alleged garnishments having been served upon him, and other contingent liabilities.

A bill in equity was then filed, setting up this agreement, and praying first a specific performance by a proper delivery of the cotton, also an injunction restraining him from selling said cotton, or any other portion of his property, and requiring him to hold the same to answer any decree that might be obtained in the premises; also, that he might be arrested and held in custody until he entered into bond, with good security, not to remove or dispose of the cotton, and to leave the same to answer any decree in the premises.

And also an order *quia timet*, requiring him to enter into bond, with ample security, for the forthcoming of the cotton and other property, to pay whatever sum of money might be recovered from him, in the premises, was prayed for.

On the 21st of December, 1865, the presiding Judge sanctioned this bill, authorizing injunction and *quia timet* to issue, under penalties named, and the arrest of the defendant, until he entered into bond, with security, conditioned for his performance of the contract, and to answer any decree that might be had in the premises.

From some misapprehension upon the part of the Clerk, in relation to the various processes prayed and orders thereon, it appears that the Judge, at the May Term, 1866, passed a more specific order requiring the defendant to enter into bond, in the sum of $50,000 00, conditioned " to well and truly perform his contract in the delivery of the cotton and to answer any decree that might be had in the premises."

Complying with this order of the Court, the defendants in error, now before the Court, united with Nathaniel F. Walker in the bond given in terms of said order. In response to this bill the defendant set up various defenses, and the complainants amended their original bill by abandoning the matter of specific performance and asking damages, reserving

election, however, on the trial. At the November Term, 1867, a consent verdict was rendered, leaving amounts blank, which, upon a hearing of the parties by the Judge, were to be ascertained by him, and inserted, which was subsequently done at Chambers, and by order entered upon the minutes of the Court.

This verdict, and decree thereon, was entered up against the defendant and his securities, upon the bond. And the case now comes up before the Court upon the motion of these securities to vacate and set aside the decree rendered against them, and the judgment of the presiding Judge affirming their motion, and vacating and setting the same aside, which is assigned as error.

In the decision of this question, we will adhere strictly to the matters at issue, and do not deem it necessary or proper to go into the variety of questions that have been argued before the Court.

Can judgment be entered up against the securities on the bond given in this case, at the same time with the rendition of the decree against the principal? This is an important question, and we have considered it carefully upon principle and authority.

The Code, section 3243, in cases of attachment, provides for replevy bond, and that "it shall be lawful for the plaintiff to take judgment against the defendant and his securities upon said bond." Section 3513 declares: "In all cases of appeal, where security has been given, the plaintiff, or his attorney, may enter up judgment against the principal and surety jointly and severally." Section 3488 provides, in cases of bonds given to dissolve garnishment, "the plaintiffs may enter up judgment upon such bond against the principal and securities, as judgment may be entered against securities upon appeal." Section 3982 makes provision in cases of bond given on issuing *certiorari*, that the security on said bond shall be liable as securities on appeal. And such special provision is made in relation to matters arising on writ

of error where bond is given, and in matters appealed from the Ordinary : Section 3563.

But in this case the law is silent, and we are, therefore, left to the principles of the common law, except by reason and analogy we are enabled to bring the case within the application of the sections quoted. Upon the proposition of law found in 1st Kelly, 72, we may conclude that the amount found against the principal is the amount fixed against the sureties, and why multiply suits to settle what may be regarded beyond controversy. The spirit of the law is to disencumber legal rights from unnecessary formalities, and to apply the principle would be easy and embrace all cases standing under the provisions of securities. But no matter how simple the process, or how apparently reasonable, to accomplish it, it requires a legislative, not a judicial act. We have no power, as a Court of errors, to make law ; the limitation of construction is to laws existing. And inasmuch as at common law no such provision exists and our Code does not provide legislation to embrace it, every reason fails to invoke its exexercise upon our part.

We have examined sections 3370 and 3371 of the Code, but find no ground of analogy between cases of bail in trover and the case at bar. The foundation of this bill rests on no right to recover any specified cotton. The terms of the agreement negative the presumptions of analogy, and the processes and pleadings do not invoke it. To such construction of the terms of this bond the securities might well reply, "*non hæc in vincula venimus* : " we entered into no such obligation.

The case of *McNeil, administrator, vs. Harker,* 40 Georgia, Reports 26, has been considered, in its application to the case at bar, and we do not see, in the judgment of this Court in that case, a reason to extend or enlarge the rule of construction there held by the Court. In that case the landlord distrained, and the tenant replevied; the bond the securities gave was conditioned that " they or either of them shall well

and truly pay the eventual condemnation money," etc.   The law provides the return by the levying officer to the proper Court, " to be tried by a jury, as provided for in the trial of claims," and section 3685, Revised Code, directs the oath of the jury on such trial, and by the law judgment may be entered up against the claimant and his security, etc.   The distinction appears at a glance, and the mode of trial, as well as special provision of law, applies to that case.   But in the case of securities on quia timet bond there is no special provision.   Their obligation is in the nature of a contract of indemnity, and in no statutory provision do we find any right to enter up judgment against them at the same time with their principal, and, inasmuch as it could not be done at common law and there is no change of the common law by statute that authorizes it, we affirm the judgment of the Court below.

Judgment affirmed.