[No. 1510.    Decided March 25, 1895.]

Karl V. K. Grunewald *et al., Appellants,* v. West Coast Grocery Company, *Respondent.*

DISMISSAL OF APPEAL — FAILURE TO FILE BOND — LIABILITY OF SURE-
TIES FOR COSTS.

Where an appeal has been dismissed for failure to file a bond within the time prescribed by statute, the supreme court is authorized, under the appeal act of 1893, to render judgment for costs against the appellants, but not against the sureties on their appeal bond.

Where an appeal is taken by the attorneys of a party to an action, contrary to his wishes and directions, such party is entitled to a voluntary dismissal without the imposition of costs.

*Appeal from Superior Court, Pierce County.*

On motion to vacate judgment against appellants for costs on appeal.

*John Leo, J. P. Cass* and *H. W. Lueders,* for appellants.

*Frederick A. Brown (John D. Fletcher,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—The appeal of the intervenors in this action was dismissed for failure to file an appeal bond within the time prescribed by the statute (10 Wash. 691, 38 Pac. 1011), and a judgment was entered against them and their sureties upon the bond for the costs of the appeal. Said matter is now before us upon a motion by the intervenors to vacate said judgment on the ground that this court had no jurisdiction to render such judgment for costs; and it is further contended that if the court should hold otherwise, the judgment for costs should also go against Grunewald, who had previously taken a voluntary dismissal. It is contended that by reason of the failure to give a bond upon the appeal within the the time required, this court did not acquire any jurisdiction of the cause, and could not render a judgment for costs.

Section 6, Laws 1893, p. 122, provides:

"An *appeal* in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section seven of this act, be filed with the clerk of the superior court."

Section 18 (p. 129) provides:

"Any respondent may move the supreme court at such time and in such manner as the court by its rules may have prescribed, to *dismiss an appeal* either on the ground that the court has no jurisdiction of an appeal from the judgment or order from which the appeal was taken, or that the notice of appeal was not served or filed within the time limited by law, or is insufficient, or that the appeal bond was not filed within the time limited by law."

Said section further provides that:

"There may be combined with a motion to dismiss a motion to affirm the judgment or order appealed from, or a motion for damages on the ground that the appeal was taken merely for delay, or was manifestly unauthorized by law, or both such motions."

Sec. 24 (p. 131), provides that in case of an affirmance the supreme court shall render judgment against both the appellant and his sureties on the appeal bond for the amount recoverable according to the conditions of the bond, etc. And § 29, (p. 132) provides that:

"Costs shall be allowed in the supreme court, irrespective of any costs taxed in the case in the court below, to the *prevailing party* in the supreme court, on any appeal in any civil action or proceeding as follows," etc.

The statute gives the court a right to *dismiss* where the jurisdictional steps have not been complied with. We are of the opinion that under the provisions of these statutes this court has authority to render judgment for costs as against the appellants where the appeal is dismissed for any reason; but that we cannot affirm the judgment where we have not obtained jurisdiction of the cause, and judgment can only go against the sureties upon the appeal bond in case of an affirm-

ance. A respondent can only avail himself of these provisions where an appeal is dismissed for a failure to prosecute or for some like reason; but an appellant should not be allowed to set up the invalidity of his own proceedings whereby he had obtained a suspension of the proceedings in the lower court, or has required the respondent to take action in this court to meet an attempted appeal, to defeat a recovery of the costs upon such defective proceedings.

As to the further contention, it appeared that the appeal upon the part of Grunewald was taken by said intervenors as attorneys, contrary to said appellant's wishes and directions, and upon a showing to that effect a voluntary dismissal was granted without the imposition of costs, and we are not inclined to disturb it at this time.

The judgment as against the sureties will be vacated; otherwise the motion will be denied, and a new judgment against said intervenors for costs will be entered.

HOYT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.