(No. 5573.  Decided July 21, 1905.)

WESLEY DAVIS *et al., Respondents,* v. WILLIAM VIRGES *et al.,*
                     *Appellants.*[1]

APPEAL — REMITTITUR — JUDGMENT AGAINST SURETIES — POWER OF
LOWER COURT—BONDS.  Upon the dismissal of an appeal in the su-
preme court without the entry of any judgment against the appellant
and his sureties, the lower court, after remittitur, has no power to
enter judgment against the sureties upon the statutory appeal and
supersedeas bond given by the appellant, there being no statutory
provision for such summary judgment.

SAME—SUMMARY JUDGMENT BY AGREEMENT—SURPLUSAGE IN BOND.
A gratuitous clause in a statutory bond whereby the sureties agree
to the entry of summary judgment against them, in case the appellant
fails to pay the judgment within thirty days after the filing of the
remittitur, is without legal force, and confers no right to such a
judgment, the sureties being entitled to their day in court.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered February 21, 1903, in favor
of the plaintiffs and against sureties upon the defendants'
appeal bond, after the dismissal by the supreme court of
an appeal from a judgment of the same court.  Reversed.

*Hudson & Holt,* for appellants, to the point that a sum·
mary judgment cannot be entered unless authorized by
statute, cited: *O'Connor v. Lighthizer,* 34 Wash. 152  75
Pac. 643; *Hanna v. Savage,* 8 Wash. 432, 36 Pac. 269;
*Noble v. Whitten,* 34 Wash. 507, 76 Pac. 95; *Blair v.
Sanborn,* 82 Tex. 686, 18 S. W. 159; *Offerman etc. R. Co.
v. Waycross Air-Line Co.,* 112 Ga. 610, 37 S. E. 871; *Miller
v. Hogeboom,* 56 Neb. 434, 76 N. W. 888.  A statutory
bond does not constitute a voluntary stipulation.  *Powers
v. Chabot,* 93 Cal. 266, 28 Pac. 1070.  Surplus provisions
in a statutory bond cannot be enforced except by common
law action.  *Brown v. Levins,* 6 Porter (Ala.) 414; *State
ex rel. Stow v. City Council of Montgomery,* 74 Ala. 226;

1Reported in 81 Pac. 688.

*Jones v. Parsons,* 10 Tenn. 320; *Hymens v. Brown's Ex'rix,* 15 Tex. 302; *Presbury v. Fisher,* 10 Mo. 50; 8 Cent. Dig. p. 49; *Powers v. Chabot, supra; McCallion v. Hibernia Sav. & Loan Soc.,* 98 Cal. 442, 33 Pac. 329; *Central Lumber & Mill Co. v. Center,* 107 Cal. 193, 40 Pac. 334. Summary judgment must be authorized by, and strictly conform to, the state statute. *Halsey v. Murray,* 112 Ala. 185, 20 South. 575; *Offerman etc. R. Co. v. Waycross Air-Line Co., supra; Reynolds v. Cox,* 108 Ala. 276, 19 South. 395; *Selby v. McQuillian,* 45 Neb. 512, 63 N. W. 855; *Powell v. Camp,* 60 Mo. 569; *Gunn v. Sinclair,* 52 Mo. 327.

*John C. Stallcup, J. W. A. Nichols,* and *Albert E. Joab,* for respondents.

Mount, C. J.—On February 21, 1903, respondents recovered a judgment for $750 and costs, against the Tacoma Railway & Power Company, George M. Shreeder and Mace C. Green, and thereafter the judgment debtors appealed to this court. Shreeder and Green did not join with the Tacoma Railway & Power Company in the appeal, but took a separate, independent appeal. At the time the appeal was taken by Shreeder and Green, an appeal and supersedeas bond was given by them, with A. Huth and William Virges as sureties. The bond was in substance as required by statute, except after reciting that, if the judgment appealed from should be affirmed on the appeal or dismissed, appellants would pay the amount directed by the judgment on the appeal, it contained the following provision:

"If the appellants do not make such payment within thirty days after the filing of the remittitur from the supreme court, judgment may be entered on motion of the respondents in their favor against the undersigned sureties, for the said sum of $750, together with $45.95 costs, together with $.... interest that may be due thereon, and the damages and costs which may be awarded against the appellants upon the appeal."

When the case came on to be heard in this court, the appeal of Shreeder and Green was dismissed, for the reason that their notice of appeal was not served on the railway company. The judgment was reversed as to the railway company, and remanded for a new trial. *Davis v. Tacoma R. & Power Co.,* 35 Wash. 203, 77 Pac. 209. No judgment was entered by this court in favor of the respondents. Thereafter, when the remittitur from this court went to the lower court, respondents moved the lower court for a judgment against the sureties on the bond, for the amount of the judgment and costs against Shreeder and Green. No notice of this motion was given, except an oral notice. The sureties appeared by their counsel, and objected to the jurisdiction of the lower court to enter judgment in such summary manner against the sureties on the bond. This objection was denied, and judgment was entered as requested. The sureties, Virges and Huth, now appeal from that judgment.

There is no provision of law authorizing the lower court to enter a judgment in this summary way upon a statutory bond given on appeal to this court. The statute, Bal. Code, § 6523, expressly provides that this court, upon the affirmance of a judgment, may render judgment against both the appellant and his sureties in the appeal bond, for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial. But there is no such provision relating to the lower court. In *Grunewald v. West Coast Grocery Co.,* 11 Wash. 478, 39 Pac. 964, it was held that this court could not render a judgment against the sureties on an appeal bond where we had not obtained jurisdiction of the cause. See, also, *Henry v. Great Northern R. Co.,* 16 Wash. 417, 47 Pac. 895. If this court had no jurisdiction to enter a judgment against the sureties upon this appeal bond, it needs no argument to show that the lower court acquired no jurisdiction to do so, where there is no express statutory authority therefor. In speaking to this point under a statute

which provides for a cost bond in actions brought by non-residents, Bal. Code, § 5186, in *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643, we said:

· "That statute makes no provision for the entry of judgment as of course against the sureties, in the same action in which the bond is filed. Without such express statutory authority as entering into, and becoming a part of, the contract in the bond, whereby the sureties consent to such judgment, we believe judgment cannot be entered against them; and they are not, therefore, parties appearing in the action upon whom notice of appeal is required, within the meaning of § 6504, Bal. Code. Not being persons against whom judgment may be entered as of course by statutory authority, they are entitled to their day in court."

The same reasoning which we applied to that case must be applied in this, because there is no substantial difference in the two cases.

Counsel for respondents argue that, because the bond provides that judgment may be entered against the sureties upon motion, for the amount due from the principal, therefore the lower court had jurisdiction to enter the judgment as of course. It is sufficient answer to this to say that this bond is a statutory bond. The provision under consideration was not required by statute. Its insertion, therefore, was a mere gratuity which added no legal right nor liability. It was surplusage. If this provision may be held to confer a right to enter a judgment, as of course, without an action upon the contract, the same rule would permit a judgment upon any contract when it is stated that judgment may be taken upon default of the terms of the contract. This can never be a just and equitable rule, and is not permitted. The debtor must be given his statutory notice by summons, so that he may have his day in court.

The judgment appealed from is reversed.

ROOT, CROW, RUDKIN, FULLERTON, HADLEY, and DUNBAR, JJ., concur.