[No. 6137. Decided August 8, 1906.]

Wesley Davis et al., Appellants, v. A. Huth et al., Respondents.[1]

Appeal — Liabilities on Bond—Dismissal — Jurisdiction. No action can be maintained upon an appeal and supersedeas bond where the appeal was dismissed on motion of the respondent for want of jurisdiction in the supreme court to hear the appeal, as there is then no consideration for the bond; and it is immaterial that the bond was treated as a supersedeas of the judgment until the dismissal, as the bond was ineffectual for that purpose.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered October 30, 1905, in favor of the defendants, upon sustaining a demurrer to the complaint, dismissing an action against sureties on a supersedeas bond. Affirmed.

*A. E. Joab, John C. Stallcup*, and *J. W. A. Nichols*, for appellants.

*Hudson & Holt*, for respondents.

Mount, C. J.—This action was brought to recover upon a supersedeas bond. The sureties upon the bond filed a demurrer to the complaint. The lower court sustained the demurrer and dismissed the action. Plaintiffs appeal.

The complaint shows the following facts: On March 9, 1903, the plaintiffs recovered a judgment in an action for a tort against G. M. Shreeder, M. C. Green and the Tacoma Railway & Power Company, codefendants, for $750 and costs. The said Shreeder and Green attempted to appeal from said judgment to this court, and served a notice thereof upon the plaintiff, but failed and neglected to serve notice upon their codefendants in that action, the Tacoma Railway & Power Company. Said Shreeder and Green gave an appeal

[1]Reported in 86 Pac. 654.

and supersedeas bond, with A. Huth and William Virges as sureties. This bond contained the following provision:

"And whereas the said appellants are desirous of staying the execution of said judgment appealed from, we do further, in consideration thereof and of the premises, jointly and severally undertake and promise and do acknowledge ourselves further jointly and severally bound in the further sum of eighteen hundred dollars ($1,800.00) gold coin of the United States of America, being more than double the amount named in said judgment, that if the judgment appealed from, or any part thereof, be affirmed or the appeal be dismissed, the appellants will pay in United States gold coin the amount to be directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellants upon the appeal," etc.

Shreeder and Green failed to perfect their appeal, and failed to bring their said case within the jurisdiction of the supreme court, and this court, upon motion of plaintiffs herein, dismissed said cause for want of jurisdiction. Thereafter the plaintiffs made demand upon Shreeder and Green, and their sureties upon the bond, for payment of the judgment and costs, amounting to $695.95. with interest thereon since the date of the judgment.

The respondents contend that the bond was given as an appeal and supersedeas bond, and because the appeal was never perfected and was dismissed by this court upon motion of the respondents therein (appellants herein), that there was no consideration for the bond, and it cannot now be enforced against the sureties. We think this position must be sustained. The statute provides that the notice of appeal shall be served upon all parties who have appeared in the action (Bal. Code, § 6504; P. C. § 1052); and that an appeal in a civil action shall become ineffectual for any purpose unless, at or before the time the notice is given or served or within five days thereafter, an appeal bond is filed with the clerk (Bal. Code, § 6505; P. C. § 1053); and the bond shall be

conditioned that the appellant will pay all costs and damages that may be awarded against him on the appeal or on the dismissal thereof, not exceeding $200. An appeal bond shall not stay proceedings on the judgment or order appealed from unless the bond be further conditioned that the appellant will satisfy and perform the judgment appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court. Bal. Code, § 6506 (P. C. § 1054). Upon the affirmance of a judgment on appeal, the supreme court shall render judgment against both appellant and his sureties on the appeal bond for the amount of the judgment appealed from. Bal. Code, § 6523 (P. C. § 1071). In construing these statutes we have held that this court has no power to render judgment against the sureties on the appeal bond where no jurisdiction of the cause was acquired by this court. *Grunewald v. West Coast Grocery Co.,* 11 Wash. 478, 39 Pac. 964; *Henry v. Great Northern R. Co.,* 16 Wash. 417, 47 Pac. 895; *Bash v. Eisenbeis,* 16 Wash. 700, 47 Pac. 886; *Davis v. Virges,* 39 Wash. 256, 81 Pac. 688.

The object of the appeal and supersedeas bond is to give this court jurisdiction of the case. The giving of service of a notice within time effects the appeal. Bal. Code, § 6503 (P. C. § 1051. But such notice becomes ineffectual for any purpose unless a bond is filed on or before or within five days after the time notice of appeal is given. The appellant may effect his appeal by serving his notice, and then abandon the same by not filing his bond; in which event the notice becomes ineffectual and void. Or the appellant may file his bond, and then abandon his appeal by not serving his notice; in which event, of course, the bond becomes ineffectual and void. The notice of appeal is one necessary step to give this court jurisdiction of the cause. The filing of a bond within time is the other necessary step. When both steps are taken

within time, the appeal is perfected, and this court acquires jurisdiction of the cause and may then render a judgment therein, or order a judgment to be rendered by the superior court. Otherwise, no appeal is taken and no jurisdiction vests in this court. The jurisdiction of this court on appeal was the whole consideration for the bond sued on in this case. There was no other consideration, and since that jurisdiction failed by reason of no notice or an insufficient notice, as we held it was in *Davis v. Tacoma R. & Power Co.,* 35 Wash. 203, 77 Pac. 209, the consideration for the bond failed and no recovery can be had upon it.

Counsel for appellant say, however, that the bond served the purpose of a supersedeas until the cause was dismissed by this court, and that therefore there was a consideration. The fact that the appellants in this action did not take out an execution on their judgment while the supersedeas bond was on file does not give them a cause of action on the bond. The bond was a supersedeas on account of the appeal, and for no other reason or purpose. The bond became ineffective because the notice of appeal was ineffective. Each depended upon the other. When no notice was given, the bond never became effective and did not supersede the judgment. Execution might have been taken out at any time. There was no consideration for the bond, and the lower court properly sustained a demurrer upon this ground.

We need not discuss other questions. The judgment is affirmed.

CROW, FULLERTON, DUNBAR, and RUDKIN, JJ., concur.