[No. 8215. Department Two. March 3, 1910.]

## KALB-GLIBERT LUMBER COMPANY, *Respondent*, v. W. S. CRAM *et al.*, *Appellants*, H. E. OLSON *et al.*, *Defendants.*[1]

ESTOPPEL—CONDUCT—JUDICIAL PROCEEDINGS—OBJECTION TO JURISDICTION. In an action to foreclose a materialman's lien upon a vessel, sureties who sign a bond offered for the purpose of releasing the vessel from the custody of a receiver and agree in the bond that their personal liability shall stand as security in place of the vessel in case the vessel is released, are estopped to assert that the order of the court, as prayed for, releasing the vessel was without jurisdiction and not authorized by statute.

ACTIONS—PARTIES—SURETIES ON BOND — JUDGMENTS — CONSTITUTIONAL LAW—DUE PROCESS—LIENS—FORECLOSURE. Where, in an action to foreclose a materialman's lien upon a vessel in the hands of a receiver, the vessel is released from custody upon defendant's substituting a bond wherein the sureties agree that their personal liability thereon shall become substituted for any security or claim which the plaintiff may have against the vessel, and that they are substituted for and take the place of the vessel, the sureties become parties to the action to the extent that, upon default of the defendant, personal judgment may be rendered against them in the original cause, without violating their constitutional right to due process of law, or any principal of law (RUDKIN, C. J., dissenting).

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered February 18, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a lien upon a vessel. Affirmed.

*Chas. E. Miller* and *Robert G. Chambers*, for appellants, contended, *inter alia*, that judgment against the sureties without notice was without due process of law. *Pennoyer v. Neff*, 95 U. S. 714; *Shove v. Manitowoc*, 57 Wis. 5, 14 N. W. 829; *Philadelphia v. Miller*, 49 Pa. St. 440; *Harwood v. North Brookfield*, 130 Mass. 561; *Kuntz v. Sumption*, 117 Ind. 1, 19 N. E. 474; *Cummings v. Stark*, 138 Ind. 94, 34 N. E. 444; *Terre Haute & I. R. Co. v. Baker*, 122 Ind. 433, 24

[1]Reported in 107 Pac. 381.

N. E. 83; *United States v. American Lumber Co.*, 80 Fed. 309; *Davidson v. New Orleans*, 96 U. S. 97; *Peerce v. Kitzmiller*, 19 W. Va. 564; *Burns v. Multnomah R. Co.*, 8 Sawyer (U. S.). 543; *St. Louis v. Richeson*, 76 Mo. 470; *Louisville & N. R. Co. v. Nash*, 118 Ala. 477, 23 South. 825, 72 Am. St. 181, 41 L. R. A. 331; *St. Clair v. Cox*, 106 U. S. 350; *Freeman v. Alderson*, 119 U. S. 185; *Scott v. McNeal*, 154 U. S. 34. The proceeding was *in rem* and there could be no personal judgment. *Dewey v. Des Moines*, 173 U. S. 193; *Thormann v. Frame*, 176 U. S. 350; *Bates v. Delavan*, 5 Paige Ch. 299; *Heidritter v. Elizabeth Oil-cloth Co.*, 112 U. S. 294; *Boswell's Lessee v. Otis*, 9 How. 336; *Stone v. Myers*, 9 Minn. 303, 86 Am. Dec. 104.

*Welsh & Welsh*, for respondent, contended, among other things, that the bond took the place of the vessel, estops the sureties, and authorized the court to enter judgment against them in the original cause. *The "Wanata,"* 95 U. S. 600; *United States v. Ames*, 99 U. S. 35; *The Haytian Republic,* 59 Fed. 476; *The Glide*, 72 Fed. 200; *Johnson v. Chicago and Pacific Elevator Co.*, 119 U. S. 388; *Gindele v. Corrigan*, 129 Ill. 582, 22 N. E. 516, 16 Am. St. 292; *Knapp, Stout & Co. v. McCaffrey*, 178 Ill. 107, 52 N. E. 898, 69 Am. St. 290; *Id.*, 177 U. S. 638; *Gordon v. Third Nat. Bank of Chattanooga*, 56 Fed. 790; *The New York*, 104 Fed. 561; *Blossom v. Milwaukee etc. R. Co.*, 1 Wall. 655; *The Winnebago*, 141 Fed. 945; *Delaney Forge and Iron Co. v. The Winnebago*, 142 Mich. 84, 105 N. W. 527, 113 Am. St. 566. The bond expressly substituted the personal liability of the sureties for the vessel. 27 Am. & Eng. Ency. Law (2d ed.), p. 289; *In re Van Orden*, 96 Fed. 86; *Joslin v. New Jersey Car Spring Co.*, 36 N. J. L. 141; *Cline v. Mitchell*, 1 Wash. 24, 23 Pac. 1013; *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933; *Brady v. Onffroy*, 37 Wash. 482, 79 Pac. 1004.

Mount, J.—John W. Dickie & Son, a California corporation, was engaged in constructing a ship in the city of Ray-

mond, this state, for E. Kruse and E. T. Kruse. The vessel was being constructed on land. The Kalb-Glibert Lumber Company, between the months of July, 1907, and January, 1908, furnished lumber to John W. Dickie & Son of the value of $5,117.66, to be used, and which was used, in the construction of said vessel. All of the lumber was paid for excepting the sum of $1,000. Thereafter the vessel was launched in the Willapa river at Raymond, preparatory to being towed to San Francisco, California. After the vessel was placed in the water, the Kalb-Glibert Company brought this action in the superior court of Pacific county, against H. E. Olson who was in charge and possession of the vessel, and against E. Kruse and John W. Dickie & Son, alleging the furnishing of the material, the use and value thereof, claiming a lien against the vessel for the amount alleged to be due, and praying for a sale of the vessel to satisfy the lien. The complaint also alleged that the defendants were about to remove the vessel from the jurisdiction of this state, and prayed for the appointment of a receiver therefor. Upon this application the court appointed a receiver, who took possession of the vessel. While the vessel was in the possession of the receiver, the defendants filed a petition, asking the court to release the vessel and to substitute a bond therefor in the sum of $1,500. A bond, with W. S. Cram and Frank Rose as sureties thereon, accompanied the petition. Upon the hearing of this application, an order was made which recited, among other things, the following:

"It is further ordered that said bond be approved by the clerk of this court, and that the said action proceed in all manner as though said vessel remained within the jurisdiction of this court, and that said bond and the personal liability of the principals and sureties thereon shall be and become and are substituted for any security or claim which the said plaintiff Kalb-Glibert Lumber Company may have against said vessel 'Doris,' her tackle, apparel, and furniture; and the principals and sureties are hereby substituted for and take the place of said vessel."

The bond was thereupon approved and filed in the case, and the vessel released. The bond contained the usual conditions, and also recited:

"This bond and the personal liability. of the principals and sureties thereon shall be and become and are substituted for any security or claim which the said Kalb-Glibert Lumber Company may have against said vessel 'Doris' aforesaid, her tackle, apparel, and furniture, and that said action may proceed in all manner as though said vessel remained within the jurisdiction of the above entitled court, as this bond and the principals and sureties aforesaid are hereby substituted for and take the place of said vessel."

Thereafter the vessel was removed from the jurisdiction of the court and no further appearance was made in the case, and subsequently a judgment was entered against the defendants and the sureties upon the bond for the sum of $1,067, and costs amounting to $25. The sureties upon the bond have appealed from that judgment.

They argue, first, that, after acquiring jurisdiction of the cause, the court must proceed according to the established modes governing the class to which the case belongs. It is then contended that the action was brought under the statute to foreclose a lien, given by Rem. & Bal. Code,.§ 1182, and that after a receiver was appointed, the court had no jurisdiction to order the vessel released and to substitute a bond therefor, because no such procedure is provided for by statute. If this is the rule, it is clear that the appellants are estopped to raise that question. The defendants in the action petitioned the court to make the order releasing the vessel. The appellants, while not signing the petition, offered their bond in case the petition should be granted, and upon the strength of this petition and offer the order was made. The appellants thereby led the court to make the order for the benefit of the defendants, and cannot now be heard to say that the order was made without jurisdiction, or that by such act the court was deprived of the right to determine the merits of the case.

Appellants also contend that they were not parties to the action, and that the judgment was taken against them without notice and, therefore, without due process of law. It is true that the appellants were not parties originally, but they came into the action voluntarily and submitted themselves to the jurisdiction of the court and agreed that they should become "substituted for any security or claim which the said Kalb-Glibert Lumber Company may have against the said vessel 'Doris' aforesaid, her tackle, apparel, and furniture, and that said action may proceed in all manner as though said vessel remained within the jurisdiction of the above entitled court, and this bond and the principals and sureties aforesaid are hereby substituted for and take the place of said vessel." The order releasing the vessel was made upon that condition, and thereafter the vessel was released and removed from the jurisdiction of the state. The statute makes no provision for such procedure, but the court, exercising equity jurisdiction, no doubt considered that such an order would protect the rights of all parties, so that no delay or damage would result, and for that reason substituted the bond for the vessel. In *Johnson v. Chicago & Pacific Elevator Co.*, 119 U. S. 388, the court said:

"There is no more valid objection to the attachment proceeding to enforce the lien in a suit *in personam*, by holding the vessel by mesne process to be subjected to execution on the personal judgment when recovered, than there is in subjecting her to seizure on the execution. Both are incidents of a common law remedy, which a court of common law is competent to give."

And in *Blossom v. Milwaukee etc. R. Co.*, 1 Wall. 655, Justice Miller said:

"It, however, seems to be well settled, that after a decree adjudicating certain rights between the parties to a suit, other persons having no previous interest in the litigation may become connected with the case, in the course of the subsequent proceedings, in such a manner as to subject them to the jurisdiction of the court, and render them liable to its

orders; and that they may in like manner acquire rights in regard to the subject-matter of the litigation, which the court is bound to protect.   Sureties signing appeal bonds, stay bonds, delivery bonds, and receipters under writs of attachment, become *quasi* parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgments may be rendered on their bonds or recognizances."

This action was pending, and the court had jurisdiction of the persons of the defendants and had possession of the vessel.   The appellants voluntarily came into the action and agreed that, if the vessel were released to the defendants, the personal liability of the sureties is substituted for any lien or claim which the defendants may have against the vessel. This meant, of course, that the sureties assumed to pay whatever judgment should be rendered against the defendants. They became to that extent parties.   It was not intended that the release of the vessel should oust the court of jurisdiction already acquired, nor that the judgment obtained should be an empty, unavailing thing, and that another action should be brought to recover upon the bond.   But it meant that a judgment should be entered against the sureties the same as against the principals, and that execution should go against the property of the sureties as it might have gone against the vessel for which the sureties were substituted. The sureties were, therefore, by their voluntary appearance, to all intents parties, and were bound by the subsequent proceedings against the defendants and themselves as parties to the action.   A personal judgment was therefore properly rendered against them, and violated no constitutional or other principle of law.

The judgment is therefore affirmed.

CROW, DUNBAR, and PARKER, JJ., concur.

RUDKIN, C. J. (dissenting)—It seems to me that this case is controlled by the principle announced in *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Noble v. Whitten*, 34

Wash. 507, 76 Pac. 95; and *Davis v. Virges*, 39 Wash. 256, 81 Pac. 688.   See, also, 32 Cyc. 142.   I therefore dissent.