[No. 8215.  *En Banc.*  November 29, 1910.]

KALB-GLIBERT LUMBER COMPANY, *Respondent,* v. W. S. CRAM *et al., Appellants,* H. E. OLSON *et al., Defendants.*[1]

ACTIONS—PARTIES—SURETY ON BONDS—JURISDICTION—JUDGMENTS—MARITIME LIENS.  No summary judgment can be entered against the sureties on a bond, given to release a vessel, in an action to foreclose a lien thereon, where the sureties do not enter an appearance, although the bond provided that "this bond and the personal liability" of the sureties "shall be and become substituted" for any security or claim that the plaintiffs have against the vessel; there being no statutory authority for entry of judgment against the sureties without giving them their day in court (overruling Id., 57 Wash. 550).

MOUNT, PARKER, DUNBAR, and CROW, JJ., dissent.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered February 18, 1909, upon findings in favor of the plaintiff, in an action to foreclose a lien on a vessel.    Reversed.

[1]Reported in 111 Pac. 1050.

*Chas. E. Miller,* for appellants.

*Welsh & Welsh,* for respondent.

## ON REHEARING.

RUDKIN, C. J.—This was an action to foreclose a lien on a vessel for the purchase price of material used in its construction. The complaint alleged that the owners were about to remove the vessel beyond the jurisdiction of the court, and a receiver was appointed to take charge of the property *pendente lite.* After the appointment of the receiver, the defendants in the action petitioned the court to release the vessel, upon their substituting a bond in the penal sum of $1,500 in its place and stead. The prayer of this petition was granted and the defendants filed a bond with the appellants herein as sureties, conditioned that the defendants would discharge and perform the judgment of the court in the foreclosure action. The bond also contained this further condition or stipulation:

"It being one of the conditions of this obligation that this bond and the personal liability of the principals and sureties thereon shall be and become and are substituted for any security, or claim which the said Kalb-Glibert Lumber Company may have against said vessel 'Doris' aforesaid, her tackle, apparel and furniture, and that said action may proceed in all manner as though said vessel remained within the jurisdiction of the above entitled court, as this bond and the principals and sureties aforesaid, are hereby substituted for and taking the place of said vessel."

The vessel was released pursuant to this bond, and upon the trial of the action judgment was given against the original defendants and against the appellants as sureties on the bond in the sum of $1,067 and $25 costs of suit. From this judgment the sureties appealed, and the judgment was affirmed in one of the departments of this court, *Kalb-Glibert Lumber Co. v. Cram,* 57 Wash. 550, 107 Pac. 381, after which a hearing before the court *en banc* was granted. The appellants were not served with process in the court below, and made no

appearance in the action, so that the authority and jurisdiction of the court to render judgment against them must be found in the terms and conditions of the foregoing bond. While the cases may not be strictly analogous, a majority of the court are of opinion that the principles announced in *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643, *Noble v. Whitten*, 34 Wash. 507, 76 Pac. 95, and *Davis v. Virges*, 39 Wash. 256, 81 Pac. 688, are absolutely controlling here. In *O'Connor v. Lighthizer*, the lower court gave judgment against the sureties on a cost bond, required of a nonresident plaintiff under Rem. & Bal. Code, § 495, and in discussing the legal effect of such a judgment this court said:

"The only statutory provisions relating to the bond for costs in the superior court of which we have any knowledge, are found in § 5186, Bal. Code. That statute makes no provision for the entry of judgment as of course against the sureties, in the same action in which the bond is filed. Without such express statutory authority as entering into, and becoming a part of, the contract in the bond, whereby the sureties consent to such judgment, we believe judgment cannot be entered against them; and they are not, therefore, parties appearing in the action upon whom notice of appeal is required, within the meaning of § 6504, Bal. Code. Not being persons against whom judgment may be entered as of course by statutory authority, they are entitled to their day in court. An attempt to enter an of-course judgment against the sureties is without notice and void; but one may appeal from even a void judgment for the purpose of having it judicially determined as void."

In *Noble v. Whitten*, speaking of the point decided in the *Lighthizer* case the court said: "It was held that, in the absence of express statutory authority for entering judgment against the sureties, the power to do it does not exist, and that such judgments when entered are void." In *Davis v. Virges, supra*, a supersedeas bond was given, conditioned that the appellants would pay the amount awarded by the judgment on appeal, and that, "If the appellants do not make such payment within thirty days after the filing of the remittitur

from the supreme court, judgment may be entered on motion of the respondents in their favor against the undersigned sureties, for the said sum of $750, together with $45.95 costs, together with $....... interest that may be due thereon, and the damages and costs which may be awarded against the appellants upon the appeal." After the cause was remitted, the court below entered judgment against the sureties on an oral motion and notice, but that judgment was reversed by this court on appeal. Among other things the court said: "There is no provision of law authorizing the lower court to enter a judgment in this summary way upon a statutory bond given on appeal to.this court." And, after quoting from the *Lighthizer* case to the same effect, the court added:

"Counsel for respondents argue that, because the bond provides that judgment may be entered against the sureties upon motion, for the amount due from the principal, therefore the lower court had jurisdiction to enter the judgment as of course. It is sufficient answer to this to say that this bond is a statutory bond. The provision under consideration was not required by statute. Its insertion, therefore, was a mere gratuity which added no legal right nor liability. It was surplusage. If this provision may be held to confer a right to enter a judgment, as of course, without an action upon the contract, the same rule would permit a judgment upon any contract when it is stated that judgment may be taken upon default of the terms of the contract. This can never be a just and equitable rule, and is not permitted. The debtor must be given his statutory notice by summons, so that he may have his day in court."

It seems to us that the provisions of the bond in that case were broader and conferred greater powers on the court than does the bond now before us. The stipulation that the bond and personal liability of the principals and sureties were substituted for and in the place of the vessel is only what the law would imply in the absence of such a stipulation. In redelivery bonds of all kinds the bond is substituted for the property, but the power to render personal judgment against the

sureties in such cases is expressly given by statute, whenever
the legislature intends that such a power shall exist.    In
entire harmony with our own decisions on this question, see:
*Selby v. McQuillan,* 45 Neb. 512, 63 N. W. 855; *Campbell
v. May,* 31 Ala. 567; *Garrott & Brooks v. Fuller,* 36 Ala.
179; *Creanor v. Creanor,* 36 Ark. 91; *Walker v. Walker,* 42
Ga. 141.

In *Walker v. Walker, supra,* the court said:

"Can judgment be entered up against the securities on the
bond given in this case, at the same time with the rendition
of the decree against the principal?    This is an important
question, and we have considered it carefully upon principle
and authority.

"The Code, section 3243, in cases of attachment, provides
for replevy bond, and that 'it shall be lawful for the plaintiff
to take judgment against the defendant and his securities
upon said bond.'    Section 3513 declares: 'In all cases of
appeal, where security has been given, the plaintiff, or his
attorney, may enter up judgment against the principal and
surety jointly and severally.'    Section 3488 provides, in
cases of bonds given to dissolve garnishment, 'the plaintiffs
may enter up judgment, upon such bond against the princi-
pal and securities, as judgment may be entered against se-
curities upon appeal.'    Section 3982 makes provision in cases
of bond given on issuing certiorari, that the security on said
bond shall be liable as securities on appeal.    And such special
provision is made in relation to matters arising on writ of
error where bond is given, and in matters appealed from the
Ordinary: Section 3563.

"But in this case the law is silent, and we are, therefore,
left to the principles of the common law, except by reason and
analogy we are enabled to bring the case within the applica-
tion of the sections quoted.    Upon the proposition of law
found in 1st Kelly, 72, we may conclude that the amount
found against the principal is the amount fixed against the
sureties, and why multiply suits to settle what may be re-
garded beyond controversy.    The spirit of the law is to dis-
encumber legal rights from unnecessary formalities, and to
apply the principle would be easy and embrace all cases stand-
ing under the provisions of securities.    But no matter how

simple the process, or how apparently reasonable, to accomplish it, it requires a legislative, not a judicial act. We have no power, as a court of errors, to make law; the limitation of construction is to laws existing. And inasmuch as at common law no such provision exists and our code does not provide legislation to embrace it, every reason fails to invoke its exercise upon our part."

It has been argued that this is an equitable proceeding, and that the law actions cited have no application. We do not think that any such distinction exists. It will be conceded that a court of equity may proceed in a more summary manner to fix and enforce the liability of sureties on bonds given in judicial proceedings before it, but the essential requirement of notice and opportunity to be heard may not be entirely dispensed with. Where the statute provides that judgment may be entered against the sureties, the statute enters into and forms a part of every bond taken under its provisions, and the judgment finds its warrant in the statute and not in the contract. Statements will be found in some cases to the effect that judgment may be entered against sureties when there is a specific provision in the bond or by statute or rule of court to that effect, such as *Russell v. Farley*, 105 U. S. 433; but with us as held in the *Davis* case, *supra*, a mere simple contract cannot authorize the entry of a judgment against the obligor without previous notice or trial. In the absence of statute, such a stipulation would at least require the formalities demanded by our statute for a confession of judgment. If the question were an open one, we would feel disposed to hold that the sureties might be brought into the original action by any reasonable notice, such as a show cause order; but the question is one of practice only, and we will follow the rule announced in the *Davis* case, namely, that the parties can only be brought in by summons. From what we have said, it follows that the judgment against the sureties must be reversed and the cause remanded for further proceedings. It is so ordered.

FULLERTON, MORRIS, GOSE, and CHADWICK, JJ., concur.

MOUNT, PARKER, DUNBAR, and CROW, JJ. (dissenting)—
If the appellants had made no appearance in this case, we
might agree with the conclusion reached by the majority
opinion at this time.    But, as stated in the opinion rendered
upon the former hearing, and reported in 57 Wash. 550, 107
Pac. 381, the appellants voluntarily appeared in the case
before they were substituted for the vessel.    They executed
a bond by which they agreed that they might be "substituted
for and take the place of said vessel."    Thereupon a petition
which included the bond was filed, asking the court to make
a substitution, and by reason of that petition and the appear-
ance of the appellants at that time, an order of substitution
was made and the vessel was released.    The vessel was in pos-
session of and within the jurisdiction of the court.

The appellants were in court and said, in substance: "Take
us and take our property in place of said vessel.    Release the
vessel so that it may leave the jurisdiction of the court.    Our
property will stand in its stead."    Thereupon, over the objec-
tion of the respondent and solely by reason of the representa-
tions that the bond and personal liability of the appellants
"shall be and become and hereby are substituted for any se-
curity or claim which the said plaintiffs  .  .  .  may have
against said vessel," the court made the order of substitution.

In the face of these declarations, and in the face of the fact
that the vessel was thereby released and left the jurisdiction of
the court and changed the status of the case, should the ap-
pellants now be heard to say that they have not appeared in
the case, that they were not substituted for the vessel, and
did not take the place of the vessel, and that the only remedy
which the respondent now has is another suit upon the bond?
It is true, that the bond given in this case was not a statutory
bond.    The court was not required to substitute the bond
for the vessel.    Whether he should do so or not was within his
discretion.    If before the substitution was made the court had
supposed that the filing of the bond was not the personal ap-
pearance of the appellants, and the personal liability of the

sureties could not be made to take the place of the vessel without another action against the appellants, we have no doubt the order would not have been made. For no just judge would release the vessel under the circumstances here disclosed, and without any accruing benefit thereby, drive the respondent to another action in order to secure the fruits of its litigation then pending. The trial judge and all the parties to the action supposed that the appellants had appeared in the action and could be substituted for the vessel, for the petition was to that effect. The order made upon the petition was to that effect. The bond itself was to that effect; and the court, at the end of the case, rendered judgment against appellants instead of the vessel. The fact that the appellants had appeared in the case no doubt influenced the discretion of the court to grant the order. The appellants having appeared and become parties to the action, the judgment was properly rendered against them and should be affirmed.

We therefore dissent.