[No. 11452. Department Two. March 27, 1914.]

ARTHUR D. JONES & COMPANY, *Respondent*, v. W. R. CUNNINGHAM, SR., *Executor, Appellant*, F. P. FRENCH *et al., Defendants.*[1]

APPEAL—DISMISSAL — INSUFFICIENCY OF BOND — JUDGMENT — AFFIRMANCE. Upon dismissal of the appeal for insufficiency of the appeal bond, the supreme court has no power to affirm the judgment and enter judgment against the sureties on the bond.

COSTS—ON APPEAL—DISMISSAL. On dismissal of an appeal for insufficiency of the bond, costs will be awarded against the appellant but not against the sureties on the bond.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 3, 1913, upon findings in favor of the plaintiff. Appeal dismissed.

*Walter Staser* and *C. H. Spalding*, for appellant.

*Smith & Mack*, for respondent.

[1]Reported in 139 Pac. 612.

PER CURIAM.—The respondent in his answering brief moved for a dismissal of this appeal, and for an affirmance of the judgment appealed from, on the ground of insufficiency of the appeal bond. When the case was called for hearing in this court, the appellant confessed the motion in so far as it asked for a dismissal of the appeal, but objected to an affirmance of the judgment, or a judgment against the sureties on the appeal bond.

The respondent insists on both branches of the motion, but we think the objection of the appellant well taken. This court has power to render a judgment of affirmance only when the appeal has been properly perfected; when the appellant has substantially complied with the provisions of the statute regulating appeals. The very ground of the respondent's motion is want of compliance with one of these statutory requirements, namely the filing of a sufficient bond, and it is a want of consistency to say that the bond is sufficient to bring the case before us for the purpose of affirming the judgment and entering judgment against the sureties on the appeal bond, but insufficient to warrant a hearing of the cause upon its merits. As we said in *Grunewald v. West Coast Grocery Co.*, 11 Wash. 478, 39 Pac. 964:

"The statute gives the court a right to dismiss where the jurisdictional steps have not been complied with. We are of the opinion that under the provisions of these statutes this court has authority to render judgment for costs as against the appellants where the appeal is dismissed for any reason; but that we cannot affirm the judgment where we have not obtained jurisdiction of the cause, and judgment can only go against the sureties upon the appeal bond in case of an affirmance."

See, also, *Henry v. Great Northern R. Co.*, 16 Wash. 417, 47 Pac. 895. The respondent cites and relies on the cases of *Sears v. Seattle Consol. St. R. Co.*, 7 Wash. 286, 34 Pac. 918; *Hanna v. Savage*, 8 Wash. 432, 36 Pac. 269, and *Allen v. Catlin*, 9 Wash. 603, 38 Pac. 79; but an examination of these cases will show that in neither of them was the cause

dismissed for want of a sufficient bond.  And that these cases have not been regarded as laying down a rule contrary to that which we here announce, is evidenced by the fact that it has been the uniform practice of the court, ever since the decision in the case of *Grunewald v. West Coast Grocery Co.*, *supra*, to enter judgment for costs against the appellant alone on the dismissal of an appeal for want of a sufficient bond, disregarding the bond entirely.  Such will be the order in the instant case.