[No. 12302. *En Banc.* February 5, 1916.]

MARTINA JOHNSTON, *Respondent*, v. SEATTLE TAXICAB & TRANSFER COMPANY et al., *Appellants*.[1]

APPEAL—DISMISSAL—JURISDICTION — JUDGMENT. Upon dismissal of an appeal upon jurisdictional grounds, the supreme court cannot order an affirmance of the judgment.

Appeal from a judgment of the superior court for King county, Humphries, J., entered April 13, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through an obstruction in a street. Modified.

*Brightman, Halverstadt & Tennant*, for appellant Seattle Taxicab & Transfer Company.

*John W. Roberts* and *George L. Spirk*, for appellant Puget Sound Bridge & Dredging Company *et al.*

*McCafferty, Robinson & Godfrey*, for respondent.

ON REHEARING.

PER CURIAM.—Upon the original hearing of this appeal, the judgment was reversed as to some of the parties, and the appeal of the Seattle Taxicab & Transfer Company was dismissed. As against it, the judgment was affirmed. *Johnston v. Seattle Taxicab & Transfer Co.*, 85 Wash. 551, 148 Pac. 900. The dismissal was upon jurisdictional grounds. The Taxicab Company thereupon filed a petition for rehearing, contending that, having dismissed its appeal for want of jurisdiction, the judgment could not be affirmed, as such affirmance was an exercise of jurisdiction. It is clear that this contention is sound. While we have rendered judgment for costs against appellant upon the dismissal of appeals, we have uniformly held that lack of jurisdiction to hear the appeal is lack of jurisdiction for all purposes, and refused to

[1]Reported in 154 Pac. 787.

affirm the judgment below upon the appeal being dismissed upon jurisdictional grounds. *Grunewald v. West Coast Grocery Co.*, 11 Wash. 478, 39 Pac. 964; *Henry v. Great Northern R. Co.*, 16 Wash. 417, 47 Pac. 895; *Jones & Co. v. Cunningham*, 79 Wash. 4, 139 Pac. 612; *Davis v. Virgis*, 39 Wash. 256, 81 Pac. 688; *Davis v. Huth*, 43 Wash. 383, 86 Pac. 654.

It follows that the affirmance of the judgment was an inadvertence and it must be modified. All that part of the former opinion directing an affirmance of the judgment is recalled and stricken. As so modified the judgment will be entered as first directed.