[No. 20055.  Department Two.  October 4, 1926.]

THE STATE OF WASHINGTON, *on the Relation of O. W. Nelson et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

[1] APPEAL (501)—SUMMARY REMEDIES—ENFORCEMENT OF SUPERSEDEAS BOND. The sureties on a supersedeas bond, may not be proceeded against and brought in by a show cause order, but only by summons.

Application filed in the supreme court June 7, 1926, for a writ of prohibition to the superior court for King county, Hall, J., to prevent the assumption of jurisdiction over sureties by means of a show cause order. Granted.

*Roberts & Skeel* and *Robert D. Hamlin*, for relators.

*C. D. Liliopoulos*, for respondent.

PER CURIAM.—This case is presented upon an affidavit and application of the relators for a writ of prohibition and upon the return of the respondent to an alternative writ. The case involves only one question, which is, may the sureties on a supersedeas bond be proceeded against by an order to show cause, or must they be brought in by summons? If only by summons, the writ applied for must be granted.

We have no statute regulating or controlling the subject. In *Kalb-Glibert Lumber Co. v. Cram*, 60 Wash. 664, 111 Pac. 1050, in discussing the procedure to recover against sureties on a bond given in an action in equity, upon referring to other authorities including *Davis v. Virges*, 39 Wash. 256, 81 Pac. 688, which was a case against sureties on a supersedeas bond, it was said:

¹Reported in 249 Pac. 788.

"If the question were an open one, we would feel disposed to hold that the sureties might be brought into the original action by any reasonable notice, such as a show cause order; but the question is one of practice only, and we will follow the rule announced in the *Davis* case, namely, that the parties can only be brought in by summons."

The writ will issue.