[No. 10320. Department Two. December 7, 1912.]

JOHN W. HEAL, JUNIOR, et al., *Respondents*, v. EVANS CREEK COAL & COKE COMPANY et al., *Defendants*, AUGUST TUCKER et al., *Appellants*.[1]

ACTIONS—CONSOLIDATION—TRIAL—JUDGMENT. It is proper to consolidate an action for the foreclosure of a mortgage and actions to foreclose laborers' liens on the same property, and to enter a single decree defining the rights of the respective parties.

APPEAL—REVIEW—DISCRETION. Failure to order a sale of mortgaged property in parcels is not reversible error where abuse of discretion is not shown by the record.

MORTGAGES—VALIDITY — RECORDING —FUTURE ADVANCES — SUBSEQUENT LABOR LIENS. A mortgage to secure future advances is valid and takes precedence over laborers' liens for services performed after the mortgage is recorded. .

[1]Reported in 128 Pac. 211.

8—71 WASH.

MECHANICS' LIENS—NOTICE—SERVICE. Under Rem. & Bal. Code, § 1150, a copy of the notice of a laborers' lien must be served upon the employer within thirty days after the same is filed for record, or the lien cannot be enforced.

CHATTEL MORTGAGES—VALIDITY—FAILURE TO RECORD—CREDITORS WITHOUT LIENS. The invalidity of a chattel mortgage by reason of failure to record it, valid as between the parties, cannot be asserted by creditors who had acquired only liens against the real property of the mortgagor.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 6, 1911, upon findings in favor of the plaintiffs, in an action to foreclose a mortgage, after a trial on the merits. Affirmed.

*H. W. Lueders,* for appellant Tucker.

*Brady & Rummens,* for appellant Burke.

*West & Wright* and *Peters & Powell,* for respondents.

FULLERTON, J.—On June 28, 1908, and for some years prior thereto, the defendant Evans Creek Coal & Coke Company operated certain coal mines, situated in Pierce county. The mines were located partly on its own property and partly on lands belonging to others on which it held leases. One John A. Wood was an officer of the company and its principal stockholder. During the time the mine was being operated Wood advanced for the use of the company large sums of money and indorsed its paper at neighboring banks for other large sums. On the date above given, the company gave to Wood a mortgage upon all its property, both real and personal, conditioned to secure the money already advanced, to protect him on his liability as indorser of the company's notes, and to secure such future advances as he should from time to time make to the company. This mortgage was seasonably recorded as a real estate mortgage, but was never filed as a chattel mortgage. After receiving the mortgage, Wood assigned it to the National Bank of Commerce of Tacoma, to secure a note of $24,000 owing the bank by the coal company on which he was indorser. Wood died

in the spring of 1910, being then domiciled in the state of Pennsylvania. The respondent Samuel L. Wood is his son, and was named in his will as executor thereof. After Samuel L. Wood became executor, he took up in his individual capacity the note for $24,000 from the National Bank of Commerce and received from the bank an assignment of the mortgage executed by the coal company to John A. Wood, and in his capacity as executor assigned all of the claims of the estate of John A. Wood against the defendant coal company to the respondent, John W. Heal, Jr.; the assignment, however, was made solely for the purposes of enforcing the collection of the claims, it being conceived that a foreign executor did not have capacity to sue in this state.

Subsequent to the death of John A. Wood, the appellants Tucker and Burke performed labor for the defendant Evans Creek Coal & Coke Company, at certain fixed wages, and filed laborers' liens on the property of the company to secure the several amounts due them. These claims were seemingly filed under the provisions of chapter 4 of title 8 of Rem. & Bal. Code, but neither of the claimants served the notice required by § 1150 of that chapter. The liens, however, are concededly valid as mechanics' liens under chapter 3 of the same title. On December 10, 1910, the appellants brought separate actions to foreclose their liens. On January 20, 1911, the respondents Heal and Wood brought a joint action to foreclose the mortgage, each claiming certain of the indebtedness secured thereby. The appellants Tucker and Burke were made parties defendant to the foreclosure action, and subsequently all three actions were consolidated. After such consolidation, the appellants filed separate answers to the complaint of the mortgage holders, claiming that their liens upon the mortgaged property were first and superior to the lien of the mortgage. On the issues thus made, a trial was had upon the merits of the action, at the conclusion of which the court adjudged that the mortgage of the respondents was a first and superior lien upon all

of the mortgaged property to the liens filed by the appellants Tucker and Burke, and entered a decree directing that the property be sold and the proceeds of the sale applied first to satisfaction of the mortgage, and second to the satisfaction of the appellants' liens; awarding to all of the parties judgment over against the corporation for any deficiency that should remain after applying the proceeds of the sale of the mortgage property to the satisfaction of the amounts found to be due to each of them. From the decree, the lien holders appeal.

The appellant Tucker first complains of the order consolidating the several actions for trial, and of the form of the decree, contending that he should have been awarded a separate decree for the amount due him unconnected with the decree of the other parties. But the court committed no error in the matters of which complaint is here made. All of the parties claimed liens on the same property. These claims were antagonistic and adversary to each other. Manifestly, therefore, their rights could only be determined in one proceeding. And it being proper to consolidate the cases, it was of course proper to enter a single decree defining and decreeing the respective rights of the parties.

It is next objected that the court erred in refusing to decree that the property be sold in separate parcels; but we are unable to find from the record whether or not such a direction could have been properly made; that is to say, the record does not disclose sufficient facts with relation to the situation of the property to enable us to say that it could be sold advantageously in separate parcels. In fact, what is disclosed seems to indicate to the contrary. But however this may be, there is nothing to show an abuse of the trial court's discretion in this respect.

It is next objected that the advancements made to the use of the mortgagor by the mortgagee and his assignees thereunder were not secured by the security clause in the mortgage, and that hence the court erred in allowing these sums

as a part of the mortgage debt.   The mortgage clearly provided for future advances on the part of the mortgagor, and for the security of such advances by the mortgaged property.   Such mortgages are valid in this state, and create a priority of lien over that of mechanics and materialmen, if recorded prior to the performance of the service or the furnishing of the materials for which the lien is claimed, even though the advancements be made subsequent to the time the liens are filed.   *Home Sav. & Loan Ass'n v. Burton*, 20 Wash. 688, 56 Pac. 940.   In this case the advancements were made prior to the performance of the services for which the liens are claimed, and for a much stronger reason are prior thereto.

The appellant Burke assigns that the court erred in refusing to enter a personal judgment in his favor against the respondent Samuel L. Wood, contending that at the time he performed the services for which his lien is claimed Wood was in possession of the property as mortgagee, and that such services were performed at the personal request of Wood, and on his promise to pay therefor.   The appellant testified to facts tending to support these contentions, but his testimony was contradicted by that of Wood.   Moreover, it was shown that Wood did not become the holder of the mortgage until after the appellant had performed his services, and that in the complaint in the independent action brought to foreclose his lien the appellant did not assert a personal liability on the part of Wood.   We are unable to say, therefore, that the evidence on this question preponderates in favor of the appellant, and hence we are constrained to follow the ruling of the trial judge.

Both appellants assert priority for their liens over the mortgage in virtue of the provisions of chapter 4 of title 8 of the code (Rem. & Bal. Code, §§ 1149-1153).   But we are unable to find that they complied with the requirements of this chapter of the code.   It is necessary to the validity of a lien under these sections of the statute that a

copy of the lien notice be served upon the employer within thirty days after the same is filed for record. Rem. & Bal. Code, § 1150. The record fails to show that this provision of the statute was complied with; and without such a showing, we could not hold the liens superior to a prior recorded mortgage, even were we to concede that a compliance with the statute would confer such a lien; a question we do not here decide.

Finally, it is contended that the court erred in allowing the mortgagees a lien upon the personal property of the mortgagor. The ground of this contention is that, notwithstanding such personal property was covered by the mortgage, the mortgage was void as to creditors of the mortgagor, and subsequent encumbrances in good faith, because not recorded in the manner mortgages upon personal property are required by the statute to be recorded. But we think the appellants are not in a position to question the right of the respondents to foreclose upon this property. Whether properly recorded or not, the mortgage was valid as between the mortgagor and mortgagee, and it is only creditors who have acquired some form of lien upon the mortgaged property that can question the right of the mortgagee to foreclose against such mortgaged property. Jones, Chattel Mortgages (3d ed.), §§ 238, 245; *Morse v. Morrison*, 16 Colo. App. 449, 66 Pac. 169; *Youngberg v. Walsh*, 72 Kan. 220, 83 Pac. 972. Here the appellants had acquired no such lien. The liens filed by them and which they sought to foreclose affected the real property only of the mortgagor.

The judgment appealed from will stand affirmed.

MOUNT, C. J., MORRIS, ELLIS, and MAIN, JJ., concur.