[No. 10547. Department Two. January 8, 1914.]

PACIFIC COAST BISCUIT COMPANY, *Respondent*, v. I. D. PERRY, *Garnishee Defendant and Appellant*, WILLIAM OSWALD, *Defendant*.[1]

CHATTEL MORTGAGES—FAILURE TO RECORD—VALIDITY—SUBSEQUENT CREDITORS. Although Rem. & Bal. Code, § 3660, provides that a chattel mortgage is void as against creditors unless recorded, an unrecorded chattel mortgage is valid as between the parties and creditors subsequent to its execution who acquired no specific lien upon the property up to the time when it was finally filed for record.

[1]Reported in 137 Pac. 483.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 1, 1912, in favor of the plaintiff, upon stipulated facts, in garnishee proceedings. Reversed.

*James C. McKnight*, for appellant.

*Nelson R. Anderson*, for respondent.

MOUNT, J.—The appellant is a garnishee defendant in the case of Pacific Coast Biscuit Company v. William Oswald. This appeal is prosecuted from a judgment of the superior court for King county finding that certain property in the possession of the appellant was the property of William Oswald.

The respondent appeared in this court and moved to dismiss the appeal. This motion was denied. The respondent has filed no brief on the merits, so that we are not advised of his position except as stated by the appellant.

The facts in the case were stipulated. There is no dispute upon the facts. It appears from the stipulation that, in April, 1911, William Oswald was indebted to the appellant, I. D. Perry, in the sum of $450. On that date Mr. Oswald, in order to secure the payment of this indebtedness, executed a chattel mortgage upon a certain stock of goods and fixtures belonging to him. The mortgage was made in good faith and without any desire to hinder or delay creditors. The mortgage was properly acknowledged and verified, and delivered to the mortgagee, Mr. Perry. It was not filed for record until September 7, 1911. Between the date of the execution of the mortgage and the date it was filed, several persons became creditors of Mr. Oswald. On the day the mortgage was filed, viz.: September 7, 1911, Mr. Perry proceeded to foreclose the same by notice and sale under the statute. The sheriff took possession of the stock of goods and fixtures, and thereafter regularly sold the same. At the sheriff's sale, Mr. Perry became the purchaser for the sum

of $362.92, which it is agreed was the reasonable value thereof. Mr. Perry has ever since been in possession of the goods, selling and replacing the same with other goods. Thereafter, on the 6th day of November, 1911, the Pacific Coast Biscuit Company secured a judgment against Mr. Oswald, upon debts that were contracted between the month of April and the month of September, 1911. After this judgment was obtained, a writ of garnishment was served upon Mr. Perry. This writ was based upon an affidavit that Mr. Perry was indebted to Mr. Oswald, or had property in his possession belonging to Mr. Oswald. Mr. Perry thereupon denied that he was indebted to Mr. Oswald, or that he had any property in his possession belonging to Mr. Oswald.

Upon these facts, the trial court concluded that the chattel mortgage, executed in April and filed in September, 1911, was void as to creditors between those dates, and therefore the mortgage foreclosure was void and the property obtained by Mr. Perry under the foreclosure was the property of Mr. Oswald; and a judgment was thereupon entered ordering the property in the possession of Mr. Perry to be turned over to the sheriff to satisfy the judgment obtained by the Pacific Coast Biscuit Company against Mr. Oswald.

Apparently the respondent and the trial court rely upon the case of *Willamette Casket Co. v. Cross Undertaking Co.*, 12 Wash. 190, 40 Pac. 729. That was a case where a chattel mortgage had been given on December 22, 1893, and was not recorded until May 4, 1894. In the meantime, an action was instituted by other creditors of the mortgagor, and on May 7th, a receiver was appointed and took possession of the property of the mortgagor. The court in that case construed the provisions of Rem. & Bal. Code, § 3660 (P. C. 349 § 3), and held that an unrecorded chattel mortgage was void as to creditors between the date of its execution and the time of recording, whether the creditors acquired a specific lien against the property or not. The logic of that case undoubtedly supports the judgment appealed from in this

case. But the court in that case appears not to have carefully considered the question whether such mortgage, after being filed for record, became· valid as of the time it was filed.

There can be no doubt, under the statute, that a mortgage of personal property is void as against creditors unless it is recorded in the same manner as is required by law for conveyances of real property, because the statute so states. But we are satisfied that this statute does not mean that an unrecorded mortgage may not thereafter be recorded in compliance with the statute, and become effective after the date of such recording as to all creditors, both prior and subsequent.

There is no doubt that a debtor in this state has a right to prefer a creditor, except in cases of insolvency. If this mortgage had been recorded immediately after it was given, it would have been a valid mortgage as against all persons not having a prior lien. But not having been recorded, the mortgage became void as to creditors and as to subsequent incumbrancers for value and in good faith. It was clearly within the power of the debtor to make a new mortgage on September 7, 1911, which mortgage would have been valid as against creditors from the time of making and filing for record. Instead of making a new mortgage, the appellant filed his old mortgage for record. There were, at that time, other creditors, but they were simply general creditors. They had no lien upon any specific property. When the mortgage was filed for record, it became immediately effective as of the date it was filed, the same as a mortgage made on that date. It seems to us that there can be no escape from this conclusion. In *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211, we said:

"Whether properly recorded or not, the mortgage was valid as between the mortgagor and mortgagee, and it is only creditors who have acquired some form of lien upon the mort-

gaged property that can question the right of the mortgagee to foreclose against such mortgaged property."

This is the general rule.

The conceded facts in this case show that the Pacific Coast Biscuit Company had no specific lien upon any property of the mortgagor at the time the mortgage was filed for record on September 7, 1911. Up to that time, under many decisions of this court, the mortgage was void as to creditors. But when it was filed for record, and when the mortgagee took possession of the property, as he did in this case, his lien became perfect and superior to the claim of the other creditors having no specific lien. We think there can be no doubt of the correctness of this position under the statute.

In so far as the case of *Willamette Casket Co. v. Cross Undertaking Co., supra,* may be said to hold that an unrecorded mortgage is absolutely void and may not become valid when properly filed, that case must be overruled. Under the conceded facts in this case, we think it is clear that the appellant, by reason of recording his mortgage prior to the judgment of the Pacific Coast Biscuit Company, obtained a first lien upon the property covered by the mortgage; and the sale thereof under his mortgage, being regular, passed title to the appellant and, that Oswald had no further interest in the property.

The judgment is therefore reversed, and the garnishment proceedings ordered dismissed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.