[No. 11607. Department Two. May 8, 1914.]

C. MALMO, *Plaintiff,* v. WASHINGTON RENDERING AND
FERTILIZING COMPANY *et al., Defendants,* CHARLES
SHUBART, *Receiver, Respondent,* PUGET SOUND
MACHINERY DEPOT, *Appellant.*[1]

SALES—CONDITIONAL SALES—FILING—RESIDENCE OF CORPORATIONS.
Under Rem. & Bal. Code, § 3670, requiring conditional sales con-
tracts to be filed in the office of the auditor of the county wherein
the vendee resides, a record in the county where the property is
situated is not a compliance with the statute, where the vendee was
a corporation having its principal place of business in another
county.

SALES—CONDITIONAL SALES — FILING—"CREDITORS"—NECESSITY OF
LIENS. Rem. & Bal. Code, § 3670, providing that conditional sales
contracts, where the property is placed in the possession of the
vendee, shall be absolute as to subsequent creditors in good faith,
unless the contract is filed, means those creditors only who have
acquired some form of lien on the property; hence does not include
a receiver representing general, unsecured creditors, who had ex-
tended credit to the insolvent without knowledge of the delivery of
the property to the insolvent.

Appeal from a judgment of the superior court for King
county, Smith, J., entered September 15, 1913, upon findings
in favor of a receiver, upon a trial to the court, in an action
on contract. Reversed.

*Ira Bronson, Bronson & Robinson,* and *H. B. Jones,* for
appellant.

*Willett & Oleson,* for respondent.

MORRIS, J.—The question here submitted is whether or not
an unrecorded conditional sale contract is good as against
a receiver representing subsequent general creditors. Our
statute, Rem. & Bal. Code, § 3670 (P. C. 349 § 35), provides
that contracts of this character, where the property is placed
in the possession of the vendee, shall be absolute as to subse-

[1]Reported in 140 Pac. 569.

quent creditors in good faith, unless, within ten days after taking possession, a memorandum of the sale be filed in the auditor's office of the county where the vendee resides. The vendee in this instance was a corporation having its principal place of business at Seattle, in King county. Its residence, therefore, in legal contemplation, was in King county, although the property covered by the contract was in Kitsap county. The vendor filed the contract in Kitsap county. This was not in compliance with the statute, and the contract must be regarded as not filed within the meaning of the law. *First Nat. Bank of Everett v. Wilcox*, 72 Wash. 473, 130 Pac. 756, 131 Pac. 203.

The appellant contends that, inasmuch as we have held in *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211, and *Pacific Coast Biscuit Co. v. Perry*, 77 Wash. 352, 137 Pac. 483, that the word "creditors" in the chattel mortgage statute means creditors who have acquired some form of lien on the mortgaged property, a like reasoning demands giving a like meaning to the word "creditors" in the conditional sales statute; while respondent contends there is such a distinction between the two instruments that the reason for the first holding will not support appellant's contention. The distinction between the two instruments is not to be denied. A chattel mortgage imposes a lien upon personal property to which the mortgagor has title and which is generally in his possession; while a conditional sale contract evidences only a change of possession of the property from the vendor to the vendee and, contrary to the common law rule that possession evidences ownership, gives notice that the ownership does not follow possession but remains in the vendor. The one instrument evidences a lien against the legal title; the other is the assertion of the legal title as against the presumption of possession. The purpose of requiring a public record in both cases is the same so far as the rights of creditors are concerned; that is, to prevent the one in possession of the property from pledging it to

secure the debt of one creditor and then using it as an unincumbered asset to incur other obligations. As between the parties themselves, there is no distinction between the two instruments, in that the failure to record does not disturb the rights of the immediate parties. *Wittler-Corbin Mach. Co. v. Martin*, 47 Wash. 123, 91 Pac. 629. There is, therefore, no good reason, so far as we can discover, that demands a holding that the third persons whose rights are protected in the one statute are of a different class from those whose rights are protected in the other. If, therefore, the word "creditors" in the chattel mortgage statute means those only who have acquired some form of lien, by the same process of reasoning, the same meaning must be given to the same word in the conditional sales statute, since the purpose of both statutes is the same. There can be no question but that such a rule follows the great weight of authority. *York Mfg. Co. v. Cassell*, 201 U. S. 344; *Holt v. Crucible Steel Co. of America*, 224 U. S. 262; *In re Great Western Mfg. Co.*, 152 Fed. 123; *Dunlop v. Mercer*, 156 Fed. 545; *John Deere Plow Co. v. Anderson*, 174 Fed. 815; *Hamilton v. Beggs Co.*, 179 Fed. 949; *Nauman Co. v. Bradshaw*, 193 Fed. 350; *Big Four Implement Co. v. Wright*, 207 Fed. 535; *American Clay Machinery Co. v. New England Brick Co.* (Conn.), 87 Atl. 731; *Clark v. Richards Lumber Co.*, 68 Minn. 282, 71 N. W. 389; *Bradley, Clark & Co. v. Benson*, 93 Minn. 91, 100 N. W. 670.

The creditors represented by the receiver in this case were general, unsecured creditors, who had extended credit to the insolvent without knowledge that the property described in the conditional sale contract had been delivered to, or was in the possession of, the insolvent. It follows that, as against them, the conditional sale contract is good. The judgment is reversed. The cause will be remanded for the entry of a new decree in accordance herewith.

CROW, C. J., PARKER, and MOUNT, JJ., concur.