[No. 12939.   Department Two.   November 17, 1915.]

### EILERS MUSIC HOUSE, *Appellant,* v. J. C. RITNER, *as Receiver etc., Respondent.*[1]

SALES — CONDITIONAL SALES — FAILURE TO RECORD — RIGHTS OF CREDITORS—STATUTES.   Under Rem. & Bal. Code, § 3670, providing that unrecorded conditional sales contracts shall be absolute as to purchasers, incumbrancers and subsequent creditors in good faith, an unrecorded contract is absolute as to subsequent creditors who extended credit to the insolvent vendees relying upon the fact that they were in possession of the property and that the records showed no lien against the same, although such creditors had acquired no specific lien against the property prior to the vendor's attempted retaking of the property on defaults under the sales contract (Overruled on rehearing).

SAME—CONDITIONAL SALES—RIGHTS OF CREDITORS—LIEN.   Where a receiver for the benefit of creditors takes possession of chattels held by the insolvent under a conditional sales contract, the creditors thereby acquire a form of lien, so as to fall within the protection of Rem. & Bal. Code, § 3670, providing that unrecorded conditional sales contracts shall be absolute as to subsequent creditors in good faith (Overruled on rehearing).

RECEIVERS — CLAIMS — ESTABLISHMENT — WAIVER — DISCRETION —SALES—CONDITIONAL SALES VENDOR.   Where a conditional sales vendor sought to obtain possession of the property in the hands of a receiver of the insolvent vendees, by a complaint which expressly waived any and all claims for the purchase price, and only sought to file a claim as a general creditor after the entry of judgment against it upon its claim for the property, it is not an abuse of discretion for the trial court to refuse to modify the judgment and establish its claim as a general creditor (Overruled on rehearing).

[1]Reported in 152 Pac. 1008; 154 Pac. 787.

ON REHEARING.

SALES — CONDITIONAL SALES — FAILURE TO RECORD — RIGHTS OF CREDITORS — STATUTES — RULE OF DECISION — STARE DECISIS. Under Rem. & Bal. Code, § 3670, providing that unrecorded conditional sales contracts shall be absolute as to purchasers, incumbrancers and subsequent creditors in good faith, it having been decided by the supreme court that "creditors" includes only those who have acquired a specific lien against the property, the rule should be adhered to, inasmuch as it establishes a rule of property; hence a receiver for creditors having no specific lien has no right to property conditionally sold under an unrecorded contract, as against the vendor claiming the same on account of the vendees' failure to pay the purchase price.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered March 1, 1915, upon findings in favor of the defendant, in an action of replevin, tried to the court. Affirmed.

*Marx & Conger*, for appellant.

*Geo. H. Funk*, for respondent.

*Alex M. Winston, amicus curiae.*

MOUNT, J.—This action was brought to obtain possession of a piano and Victrola sold by the appellant to Mr. and Mrs. Howell. Upon a trial of the case, the court denied the relief prayed for, and this appeal followed.

The facts are not disputed. They are fully stated in the findings of fact made by the trial court and are, in brief, as follows: In the year 1912, Harry Howell and his wife opened a confectionery business in the city of Olympia, known as Howell's Sweet Shop. Besides carrying candies and ice cream, they also sold hot lunches and did a considerable restaurant business. On December 8, 1913, Mr. Howell purchased a Smith & Barnes piano upon a conditional sale contract for $260, from the Eilers Music House. This contract required a payment of $25 in cash, and $8 per month until the purchase price was fully paid. On December 18, 1913, Mr. Howell also purchased a Victrola from the Eilers Music House upon a conditional sale contract. The contract price for the Victrola was $200, payable $15 in cash, and the bal-

ance to be paid in monthly installments of $15 each. Both conditional sale contracts contained the usual provisions that title should remain in the vendor until payment by the vendee of all the installments of the purchase price; and also provided for the rescission of the contract and repossession of the instruments at the option of the vendor for the vendee's failure to pay any installment. Both the piano and the Victrola were delivered to Mr. Howell and were used in the store known as Howell's Sweet Shop.

In the year 1914, Howell's business failed, and on September 14, of that year, a temporary receiver was appointed at the suit of a creditor, and on November 30, 1914, the respondent, J. C. Ritner, was appointed permanent receiver to take over all the assets of the business of Howell and wife, including the piano and the Victrola purchased as above stated. At the time of the appointment of the receiver, Howell had paid on the piano contract $27.10 besides the first payment. The balance due and delinquent was $209.97. Mr. Howell was also delinquent in the payment of the last installment upon the Victrola, amounting to $15. The conditional bill of sale contracts were never filed in the office of the auditor of Thurston county, where the vendee resided and where the property was located. At least three of the general creditors sold goods to Mr. and Mrs. Howell after the delivery of the musical instruments, knowing that the instruments were in the store and relying upon the fact that there was no lien of record against any of the stock or furniture in the store. One creditor, Mr. A. E. Olson, loaned to Mr. and Mrs. Howell $700 in cash and, at the time of making the loan, inspected the amount and character of the property. He made the loan relying upon the fact that the property in the possession of Mr. and Mrs. Howell was unincumbered. The total liabilities of Mr. and Mrs. Howell were in excess of $4,000. The assets will not realize a sum sufficient to pay more than fifty per cent of the face of the liabilities.

The trial court concluded from these facts that the conditional bills of sale not having been recorded, the title to the property became absolute in the hands of the receiver, and entered judgment accordingly.

The statute with reference to conditional sales is as follows:

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, encumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. & Bal. Code, § 3670.

The appellant argues that this provision of the statute is similar to the provision of Rem. & Bal. Code, § 3660, relating to chattel mortgages, and that, inasmuch as this court has construed the words "purchasers, encumbrancers and subsequent creditors in good faith," in the chattel mortgage statute, to mean creditors who have secured some form of lien, that the same construction should be placed upon the conditional sales statute above quoted. It relies upon the case of *Malmo v. Washington Rendering & Fertilizing Co.*, 79 Wash. 534, 140 Pac. 569. It is true that we stated in that case,

"The question here submitted is whether or not an unrecorded conditional sale contract is good as against a receiver representing subsequent general creditors."

But a reading of that case will show that the word "subsequent" in the statement of the question was inadvertently used, because in the last paragraph of the opinion in that case we said:

"The creditors represented by the receiver in this case were general, unsecured creditors, who had extended credit to the insolvent without knowledge that the property described in the conditional sale contract had been delivered to, or was in

the possession of, the insolvent. It follows that, as against them, the conditional sale contract is good."

So it is apparent from that case that the court was considering the status of creditors who had not extended credit upon notice or knowledge that the goods represented by the conditional sale contract were in the possession of the vendee. While in this case, the record clearly shows, and the court found, that several creditors had extended credit to the insolvents relying upon the fact that they were in possession of these musical instruments, and that there was nothing of record to show that there were any liens upon the property. In the *Malmo* case, we held that the same construction should be given to the conditional sales statute as we had placed upon the chattel mortgage statute, for the reason that the purposes and objects of these statutes were substantially the same. But we think it does not follow, where a creditor gives credit upon the strength of property which he knows to be in the possession of the debtor, that the vendor of the property may, in violation of the statute, claim the possession thereof as against such creditor; for the statute is plain to the effect that, as to such creditors, the sale is absolute to the vendee, unless within ten days after taking possession of the property by the vendee a memorandum of the sale, stating its terms and conditions and signed by the vendor and the vendee, shall be filed in the auditor's office of the county wherein at the time the vendee takes possession of the property the vendee resides. So it seems to us that, as to these creditors at least, the sale in this instance was absolute under the statute.

It is true this court has several times held that the words "purchasers, encumbrancers and subsequent creditors in good faith," in the chattel mortgage statute, mean creditors who have obtained some form of lien upon the property. *Olsen v. Smith,* 84 Wash. 228, 146 Pac. 572; *Heal v. Evans Creek Coal & Coke Co.,* 71 Wash. 225, 128 Pac. 211; *Pacific Coast Biscuit Co. v. Perry,* 77 Wash. 352, 137 Pac. 483. But the fact is conceded in this case that these conditional

bills of sale were never filed as provided by law. The receiver had taken possession of the goods for all the creditors. His possession, of course, was that of the creditors. The creditors had a form of lien, therefore, upon the property by reason of the fact that they, or the receiver for them, had taken it into his possession. The appointment of the receiver gave him possession of all the property of the insolvents, and he took such right as the insolvents had at that time. *Kidder v. Beavers,* 33 Wash. 635, 74 Pac. 819. We are satisfied, therefore, that the *Malmo* case does not control this case, and that, if we give the same construction to the conditional sales statute that we have given to the chattel mortgage statute, the creditors, by reason of the receiver taking possession of the property prior to the filing of the conditional sale contracts for record, are creditors in possession, and therefore have a form of lien upon the property. This, we think, is in accordance with the plain provision of the conditional sales law, and is decisive. *Worley v. Metropolitan Motor Car Co.,* 72 Wash. 243, 130 Pac. 107.

After the trial court had entered its judgment, the appellant filed a motion asking the court to modify the judgment so that its claim might be considered as a general claim against the receivership estate. The court refused to permit this amendment. This ruling of the court is also assigned as error. The complaint, or petition as it is called, in the action, states,

"Petitioner hereby claims the above property from the receiver, and refuses to claim and waives any and all claims herein for the purchase price, out of the proceeds of the above estate."

So it is plain that the appellant brought the action and entered upon the trial relying upon its right to the possession of the property and waiving its claim as a general creditor of the estate. It was probably within the discretion of the trial court to allow the amendment, or to require the appellant to file his claim as a general claim regularly with the

receiver.  In view of the fact that the appellant waived its right to claim as a general creditor, it was clearly not an abuse of discretion for the trial court, after a judgment had been entered, not to permit him then to have an order of the court establishing its claim as a general claim.

We find no error in the record, and the judgment is therefore affirmed.

MAIN, HOLCOMB, and PARKER, JJ., concur.

ON REHEARING.

[*En Banc.*  February 5, 1916.]

PER CURIAM.—Being convinced that the opinion heretofore handed down herein is contrary to the rule announced in ·*Malmo v. Washington Rendering & Fertilizing Co.*, 79 Wash. 534, 140 Pac. 569, a rehearing *En Banc* was called for, that · the court might determine which rule should be adhered to.

So far as either rule affects situations arising subsequent to the time when ch. 95, Laws of 1915, p. 276, became effective, the question is unimportant, as that act makes all conditional sales contracts absolute as to subsequent creditors, whether with or without a lien upon the property, unless a memorandum of such sale is filed within ten days after the taking of possession by the vendee.  The question is important, however, as to rights accruing between the announcement of the rule in the *Malmo* case and the time when the act of 1915 became effective.  While we are not in harmony as to which rule is the better, were the question a new and independent one, we are all of the opinion that, as the *Malmo* case announced a rule of property, and property rights have become fixed and determined thereunder, the doctrine of *stare decisis* demands it be followed, except as otherwise determined by the act of 1915.  The majority of the Department which heard this case when first submitted had no intention of. overruling the *Malmo* case, but were of the opinion that the two cases could be distinguished upon the facts.  We are satisfied this cannot be done.

It was suggested at the rehearing that appellant had, subsequent to the first hearing, filed its claim with the receiver and it cannot now be heard to urge its right to the property. The rights of the parties must be determined as of the time when the judgment appealed from was entered.

The judgment is reversed, and the cause remanded with instructions to the lower court to allow appellant's claim against the property.