[No. 13193.   Department One.   May 20, 1916.]

MUTUAL INVESTMENT COMPANY, *Appellant*, v. WALTON MACHINE COMPANY et al., *Respondents.*[1]

CORPORATIONS—INSOLVENCY — CHATTEL MORTGAGES — AFFIDAVIT OF GOOD FAITH—CREDITORS—RECEIVERS. Rem. & Bal. Code, § 3660, providing that a chattel mortgage is void as against creditors of the mortgagor or subsequent purchaser, and incumbrancers in good faith, unless accompanied by the affidavit of the mortgagor that it is made without design to hinder, delay or defraud creditors, a chattel mortgage by a corporation without an affidavit of good faith is void as to a receiver for creditors, who was appointed on insolvency and took possession of the mortgaged property before the mortgagee or any person had acquired a valid lien thereon; as the property is a trust fund for creditors in *custodia legis*, and no creditor could thereafter obtain a preference over others.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 3, 1915, dismissing an action to foreclose a chattel mortgage, tried to the court.   Affirmed.

*A. E. Gallagher*, for appellant.

*Clyde H. Belknap* and *Albert G. Starkey*, for respondents.

MOUNT, J.—This action was brought to foreclose an alleged chattel mortgage against the Walton Machine Company, a corporation, and W. F. Downie, its receiver.

[1] Reported in 157 Pac. 682.

The facts are not in dispute. It appears that, in April, 1910, the Walton Machine Company executed a lease which also contained provisions of a chattel mortgage, in favor of the Mutual Investment Company. It is conceded that this mortgage did not contain the affidavit of good faith required by Rem. & Bal. Code, § 3660 (P. C. 349 § 3). Thereafter the Walton Machine Company became insolvent, and W. F. Downie was appointed receiver and took possession of the property described in the chattel mortgage. After the receiver was appointed, this action was brought to foreclose the chattel mortgage against the maker thereof, and against the receiver. The trial court concluded that the chattel mortgage was void, and denied foreclosure thereof. The plaintiff has appealed.

The question in this case is whether the chattel mortgage, having no affidavit attached to it showing that it was made in good faith, and without any design to hinder, delay, or defraud creditors, is superior to the rights of unsecured creditors of the mortgagor, represented by a receiver appointed for an insolvent corporation.

The appellant relies upon the following cases: *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211; *Thomas v. Grote-Rankin Co.*, 75 Wash. 280, 134 Pac. 919; *Pacific Coast Biscuit Co. v. Perry*, 77 Wash. 352, 137 Pac. 483; *Smith v. Allen*, 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915 D. 300; *Watson v. First Nat. Bank of Clarkston*, 82 Wash. 65, 143 Pac. 451; *Malmo v. Washington Rendering & Fertilizing Co.*, 79 Wash. 534, 140 Pac. 569; *Eilers Music House v. Ritner*, 88 Wash. 218, 152 Pac. 1008, 154 Pac. 787.

The statute provides at Rem. & Bal. Code, § 3660 (P. C. 349 § 3):

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and encumbrancers of the property for value and in good faith, unless

it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, . . ."

We held in the cases above referred to that the word creditors, as used in this statute, referred to creditors having some specific lien upon the property. This court has held in accordance with the statute that a chattel mortgage, in order to be valid, must be accompanied by an affidavit of good faith in order to attach any lien to the property. *Sligh v. Shelton Southwestern R. Co.*, 20 Wash. 16, 54 Pac. 763; *Hicks v. National Surety Co.*, 50 Wash. 16, 96 Pac. 515. This is plainly what the statute says. The cases relied upon by the appellant are not cases wherein the rights of creditors of an insolvent corporation were considered. This court has uniformly held that the property of an insolvent corporation in the hands of a receiver is a trust fund for the payment of all of its creditors. *Cook v. Moody*, 18 Wash. 114, 50 Pac. 1020, 63 Am. St. 872; *Washington Liquor Co. v. Alladio Cafe Co.*, 28 Wash. 176, 68 Pac. 444; *Springer v. Ayer*, 50 Wash. 642, 97 Pac. 774.

While we have held, in the cases first above cited, that the word creditors in the chattel mortgage statute refers to creditors having some form of lien against the property, those were cases where the rights of creditors of an insolvent corporation after a receiver was appointed were not considered. It seems too plain for discussion that, after a receiver has been appointed and the property of an insolvent corporation taken into his possession, neither the debtor nor a creditor, after that time, by any act of his, may create a new lien upon the property.

While the receiver takes only the title of the debtor at the time of appointment, and holds no greater interest than the debtor had, yet he takes the property into his custody as an officer of the court, and neither the debtor nor his creditors, after that time, can create or perfect liens which have not

been perfected prior to the time of the receiver's appointment and possession of the debtor's property.

In this case, the chattel mortgage was void under the statute at the time the receiver took possession of the property. The status of the mortgagor and the mortgagee was fixed as of that time. The mortgagor could not thereafter make the affidavit required by the statute; and could not file his mortgage for record so that it would be a lien against the property in the hands of the receiver. When the receiver took possession of the property, his possession was *custodia legis*. And being a trust fund for the payment of all creditors, no creditor could at that time obtain a preference over another. In short, when the receiver was appointed for this particular property, the mortgagee, having a void mortgage, could obtain no preference over other creditors, and is entitled to share in the property only the same as other creditors.

We are therefore satisfied that the trial court properly denied foreclosure of the void mortgage in this case.

The judgment is therefore affirmed.

ELLIS, CHADWICK, and FULLERTON, JJ., concur.