[No. 13285. Department One. November 13, 1916.]

SAM SUNEL, *Appellant*, v. A. ARTHUR RIGGS, *Respondent*.[1]

SALES—CONDITIONAL SALES—"SIGNED"—RECORDING. An order for the purchase of a safe, addressed to the vendor, signed by both parties, with the condition that the title shall not pass until the safe is fully paid for, recorded as a conditional sales contract, is good as between the parties.

SAME—CONDITIONAL SALES—"CREDITORS"—ASSIGNEE. Under Rem. & Bal. Code, § 3670, providing that unconditional sales contracts shall be absolute as to subsequent creditors in good faith unless the contract is filed, means those creditors who have acquired some form of lien on the property; hence does not apply to an assignee for the benefit of unsecured subsequent general creditors.

SAME—CONDITIONAL SALES—RETAKING POSSESSION. Where a conditional sales contract is valid as between the parties, the seller, on default in payments, may retake the property at any time.

SAME—CONDITIONAL SALES—BONA FIDE PURCHASER. An assignee for the benefit of creditors who was informed of a conditional sales contract, valid as between the parties, is not a *bona fide* purchaser.

SAME. In such case the purchaser from the assignee is not a *bona fide* purchaser, when the safe was not in the assignee's possession but had been retaken by the seller.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered June 1, 1915, upon findings in favor of the defendant, in an action of replevin, tried to the court. Affirmed.

*Will J. Griswold*, for appellant.

*Brown, Peringer & Thomas*, for respondent.

MOUNT, J.—On March 10, 1913, one K. S. Mueller purchased from the defendant one Diebold safe upon a conditional sale contract providing that the title to the safe remain in the vendor until it was fully paid for, and that payments should be made at the rate of $20 per month. This conditional sale contract was not recorded. After Mr. Mueller had possession of the safe for about a year, and had

[1]Reported in 160 Pac. 950.

not paid for the same, on April 23, 1914, he executed and delivered to Mr. Riggs another conditional sale contract for $476, that being the purchase price of the safe. The sum of $201.25 had been paid thereon, and the balance was to be paid in monthly installments of $20, on the 4th day of each month. This contract was filed for record by Mr. Riggs on April 25, 1914. Thereafter, on January 26, 1915, Mr. Mueller made an assignment of his stock of goods to Nelson W. Parker for the benefit of creditors. At the time of this assignment, Mr. Parker was informed that the safe was held under a conditional sale contract, and that there was $160 due thereon. The stock of goods was left by Mr. Parker in the possession of Mr. Mueller. When Mr. Riggs heard of this assignment, he took possession of the safe and removed it from the store of Mr. Mueller. Mr. Mueller made no objection, but counsel for Mr. Parker objected to the removal of the safe. Thereafter Mr. Parker sold the stock of goods, and Mr. Sunel, the plaintiff in this action, became the purchaser. The safe was not in the possession of the assignee at the time of the sale. Afterwards this action was brought by Mr. Parker to recover the safe, and Mr. Sunel was substituted as plaintiff in his stead.

At the trial of the case, upon these facts, the court concluded that the conditional sale contract was a valid contract between Mr. Mueller and Mr. Riggs; that the assignee, representing general creditors only, acquired no greater interest than Mr. Mueller had, and for that reason denied a recovery. The plaintiff has appealed from that judgment.

It is argued, first, that the conditional sale contract is not good between the parties because it was not properly signed by Mr. Mueller. Upon its face the conditional sale contract is an order addressed to Mr. Riggs by Mr. Mueller for the purchase of the safe, with the condition that the title to the safe shall not pass until the safe is fully paid for, etc. This order was signed by Mr. Mueller, and also by Mr. Riggs, with his post office address. It was filed for record by Mr.

Riggs. It is plain, therefore, under the rule in *Jennings v. Swartz*, 82 Wash. 209, 144 Pac. 39, which is relied upon by the appellant, that the contract was good as between the parties.

The appellant next contends that, even if it was good as between the parties, the contract was not good as against the assignee. This point is controlled by the case of *Malmo v. Washington Rendering & Fertilizing Co.*, 79 Wash. 534, 140 Pac. 569, and reaffirmed in this court on rehearing in *Eilers Music House v. Ritner*, 88 Wash. 218, 152 Pac. 1008, 154 Pac. 787. In the latter case, after referring to the rule in the *Malmo* case, and the department ruling in the *Ritner* case, we said:

"While we are not in harmony as to which rule is the better, were the question a new and independent one, we are all of the opinion that, as the *Malmo* case announced a rule of property, and property rights have become fixed and determined thereunder, the doctrine of *stare decisis* demands it be followed, except as otherwise determined by the act of 1915 [Laws 1915, p. 276, ch. 95]."

That is determinative of the same question in this case.

The appellant next argues that there was nothing due the defendant on the purchase price of the property at the time he took the safe away from the store of Mr. Mueller. The evidence is conclusive upon this question that there was $160 due, and, of course, if the conditional sale contract was valid as between the parties to it, then under its terms he had a right to take the property away.

It is next contended that, when Mr. Riggs took the safe, he took it wrongfully. Whether the taking was wrongful or rightful depends upon the contract, which we have seen above was valid between the parties to it. Under its terms Mr. Riggs had a right to take possession of the safe if the contract was not complied with. He did so with the consent of Mr. Mueller, but over the objection of Mr. Parker. Mr. Parker, at the time he took the assignment, was informed of

the conditional sale contract, and, of course, was not a *bona fide* purchaser.  At the time the plaintiff in this action purchased from Mr. Parker, the safe was not in Mr. Parker's possession, and, of course, the plaintiff in this action cannot be said to be a *bona fide* purchaser without notice of the rights of Mr. Riggs.

We find no error in the record.  The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, and ELLIS, JJ., concur.