[No. 15993.  Department Two.  December 28, 1920.]

## HARRY SCHLOSS, *Appellant,* v. JOHN STRINGER, *Sheriff of King County, et al., Respondents.*[1]

ATTACHMENT (50)—EXECUTION (35-1)—CLAIMS BY THIRD PERSONS—PROCEEDINGS—PLEADING AND PROOF. Upon a third party's claim to property levied upon under execution, it is not necessary for the sheriff and execution creditor to establish the integrity of the judgment, in the absence of any attack upon it by the claimant; nor is it necessary for the sheriff to make a return of the levy and seizure or a return of the execution.

FRAUDULENT CONVEYANCES (40) — RETENTION OF POSSESSION — STATUTES—RECORDING BILL OF SALE. Where a bill of sale of an automobile was delivered but never recorded and there was no change of possession, the same was ineffectual as against the levy of execution against the vendor, under Rem. Code, § 5291, providing that no bill of sale shall be valid as against existing creditors of the vendor, where the property is left in his possession, unless the bill of sale is recorded in the auditor's office within ten days after such sale is made.

SAME. Where a completed sale was made October 2d and the bill of sale was then delivered but not recorded, a second bill of sale, executed October 2d, but not delivered until October 17, was ineffectual to prevent the running of the ten-day period after the sale, provided by Rem. Code, § 5291, for recording the same in the auditor's office.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 28, 1920, upon findings against the claimant, dismissing a third party claim to property levied on under execution, after trial on the merits to the court. Affirmed.

*J. Kalina,* for appellant.

*Dwight N. Stevens* and *Jones, Riddell & Brackett,* for respondents.

MITCHELL, J.—The sheriff of King county levied upon an automobile in the possession of and as the

[1]Reported in 194 Pac. 577.

property of Edward F. Meyer. Harry Schloss, claiming adversely, filed his affidavit and gave the required bond, according to the provisions of § 573, Rem. Code, in support of his alleged right to demand and receive the property. In his affidavit, dated October 28, 1919, he alleged that the sheriff, by virtue of an execution issued out of the superior court in a cause in which Jacob Zittel and Henry F. Holzkamp are plaintiffs and Edward F. Meyer is defendant, levied upon the property and took it into his possession; that the property at the date of the levy was, and still is, the property of affiant, who has the right to the immediate possession thereof; that affiant became the owner of the property on October 2, 1919; and that the value of the automobile is one thousand dollars.

The sheriff and the plaintiffs in the execution appeared in the action, without making any written answer. The trial resulted against the adverse claimant, and he has appealed.

All of the assignments consist of alleged errors in the findings and conclusions signed and entered by the trial judge.

It is claimed there was no evidence to show a valid judgment against Meyer to support the execution; and also that there was no sheriff's return to the levy or seizure of the car; and that there was no sheriff's return of execution upon which the levy was made. The appellant alleged in his affidavit that the automobile was levied upon by the sheriff, by virtue of an execution in favor of Zittel and Holzkamp and against Meyer. Respondents were not called upon to affirmatively establish the integrity of the judgment upon which the execution had issued, in the absence of any attack upon it by the appellant. In a similar situation, save only the party causing the seizure was an attach-

ing creditor, rather than an execution creditor, this court, in the case of *Peterson v. Woolery,* 9 Wash. 390, 37 Pac. 416, against the claim of a third party to the controversy, said:

"Neither was it necessary that the defense show that the attaching creditor was a creditor in good faith until that fact was in some way attacked by the other side."

As to the failure of the sheriff to make a return of the levy and seizure, and a return of the execution upon which the levy was made, or either of them, in response to appellant's affidavit upon which the trial was had, nothing of the kind is required by the statute; and the deputy sheriff, who made the levy complained of, did testify to his having made it and to his taking the property into his possession.

It is claimed the court erroneously found that, on October 2, 1919, Meyer sold the automobile to Schloss for the sum of $1,000, which was its fair and reasonable value, and executed and delivered to him a bill of sale. In his affidavit, the appellant alleged he became the owner of the automobile on October 2, 1919, and that its value was $1,000. "The claimant must state the value in his affidavit, which will bind him." *Peterson v. Woolery, supra; Winton Motor Carriage Co. v. Blomberg,* 84 Wash. 451, 147 Pac. 21. At the trial he testified that he bought the automobile on October 2, 1919, and that its value was $1,000. The evidence shows that on October 2, 1919, Meyer, without reserving title, sold the car to Schloss in consideration of $1,000, $770 of which was paid in cash, $200 to be paid before November 1, 1919, and the remaining $30 to be paid by allowing Meyer to use the car until November 1, 1919. A written bill of sale and agreement to that effect, signed by Meyer and Schloss and witnessed

by another, was delivered to Schloss on that date. This instrument was never filed for record, and Meyer continued in possession of the automobile until it was levied on, just before the commencement of the present action.

The sheriff made the levy on October 21, 1919, and thereafter, on that same day, the appellant filed for record an instrument designated a bill of sale, purporting to sell the automobile to Schloss, signed and acknowledged by Meyer on October 2, 1919, which bill of sale, appellant claims, was not delivered to him until the 17th or 18th of October. It is argued by appellant that although the property was left in the possession of the vendor, Meyer, nevertheless, appellant had, under the terms of § 5291, Rem. Code, ten days after the delivery of this second bill of sale in which to file it for record, to protect the transfer as valid under the provisions of the statute. To this argument two answers are furnished by the record and the law, viz.: (1) There was a completed sale, without any reservation of title in the vendor, on October 2, and a written instrument signed by Meyer was delivered by him to Schloss on that date, which as already stated was never recorded; and (2) the statute (§ 5291, Rem. Code), which provides that no bill of sale of personal property shall be valid as against existing creditors, where the property is left in the possession of the vendor, unless the bill of sale is recorded in the auditor's office of the county in which the property is situated within ten days, does not say within ten days after the bill of sale is delivered, but "within ten days after such sale shall be made." Unquestionably the sale of the automobile in this case was made and written proof of it executed and delivered by Mr. Meyer to the appellant on October 2, 1919. The second bill of sale claimed

to have been delivered about October 17 or 18, and which was executed and acknowledged on October 2, was ineffectual to prevent the running of the ten day period after the sale was made as provided in the statute.

The conclusions of law and the judgment follow the findings of fact, which are clearly supported by the evidence. The appellant failed to prove title to the automobile as against the execution creditors.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.