## In re WEST SIDE AUTO CO.

District Court, W. D. Washington, N. D.   March, 1922.)

No. 6547.

Bankruptcy ⟨⟩184(2)—Mortgage on chattels, returned to county where recorded before adjudication, has preference.

Where an automobile, against which there was a duly recorded chattel mortgage, was taken into another county and there kept for more than 30 days without recording the chattel mortgage in that county, as required by Rem. Code Wash. 1915, § 3668, to preserve the lien, except as between the parties, but was returned to the county in which the mortgage was recorded before an adjudication in bankruptcy against the mortgagor, the mortgagee was entitled to a preferred claim against the property, since no title vested in the trustee in bankruptcy prior to the adjudication, and the Bankruptcy Act (Comp. St. §§ 9585–9656) does not operate as an attachment to the bankrupt's property, or create a lien in favor of general creditors.

In Bankruptcy. In the matter of the West Side Auto Company, a corporation, bankrupt. On petition to review an order of the referee allowing the claim of the Shields-Livengood Motor Company as a first lien on a certain automobile. Decision of the referee approved.

Edward H. Chavelle, of Seattle, Wash., for petitioner.
Thomas K. Chambers, of Mt. Vernon, Wash., for trustee.
Reynolds, Ballinger & Hutson, of Seattle, Wash., for Shields-Livengood Motor Co.

NETERER, District Judge. This matter comes before the court for review of the action of the referee in allowing the claim of Shields-Livengood Motor Company as first lien upon a certain Elgin car, model 6E, 1917, serial No. 173067, for the sum of $512.68, the unpaid purchase price of the automobile, payment secured by a chattel mortgage upon the automobile.

It is stipulated that the West Side Motor Company, whose place of business was Mt. Vernon, Wash., purchased from the claimant the automobile and executed the mortgage; that the mortgage was filed in the auditor's office in Mt. Vernon, county seat of Skagit county, and thereafter the bankrupt (the mortgagor) "unlawfully and surreptitiously and without consent of the mortgagee, * * * removed the car from Skagit county for a continuous period longer than 30 days," and thereafter brought the car back into Skagit county prior to any act or proceeding in bankruptcy, and that the car is now kept in storage at Mt. Vernon.

It is the contention of the trustee in bankruptcy that upon the expiration of 30 days from the time the car was removed from Skagit county to Whatcom county, the mortgage not being recorded in Whatcom county, the property became, except as between the parties, exempted from the operation of the mortgage, and that the rights of the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

general creditors became superior to any mortgage lien of the claimant. The claimants contend that, the property being brought back to the original situs, no intervening lien having attached, the rights of the mortgagee are valid as against all parties.

The Washington statute (section 3668, Rem. Code) provides:

"A mortgage of personal property must be recorded in the office of the county auditor of the county in which the mortgaged property is situated, in a book kept exclusively for that purpose. When personal property mortgaged is thereafter removed from the county in which it is situated, it is, except as between the parties to the mortgage, exempted from the operation thereof, unless either (1) the mortgagee within thirty days after such removal causes the mortgage to be recorded in the county to which the property has been removed," etc.

An unrecorded chattel mortgage has been frequently held void as to creditors having acquired some form of lien upon the property. Pacific Coast Biscuit Co. v. Perry, 77 Wash. 352, 137 Pac. 483; Heal v. Evans Creek Coal & Coke Co., 71 Wash. 230, 128 Pac. 211; Olson v. Smith, 84 Wash. 228, 146 Pac. 572; Watson v. First National Bank, 82 Wash. 65, 143 Pac. 451; Jennings v. Schwartz, 86 Wash. 204, 149 Pac. 947. The trustee contends that the title to the property, vesting in the trustee to the extent of the bankrupt's interest, is sufficient, in view of the adjudication, to defeat the mortgage.

The title cannot vest in the trustee prior to adjudication. The Bankruptcy Act (Comp. St. §§ 9585–9656) does not operate as an attachment of the bankrupt's property, nor itself create a lien in favor of general creditors. York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756. Adjudication vests in the trustee title of the bankrupt. Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174.

The property having been returned to the situs of the recorded mortgage prior to the adjudication, and no lien to the property having attached, the decision of the referee in allowing the claim of the mortgagee as preferred is approved.