**In re KRACKE.**

(District Court, W. D. Washington, N. D. September 9, 1924.)

No. 7283.

**Bankruptcy ⬳184(1)—Memorandum of conditional sale held timely filed, enabling seller to claim as against trustee.**

In view of state Supreme Court's construction of Rem. Comp. Stat. Wash. § 3790, memorandum of conditional sale *held* to have been filed in auditor's office in time to enable seller to assert right to property sold as against trustee.

In Bankruptcy. In the matter of L. Kracke, bankrupt. On review of trustee's objection to referee's decision directing return of fixtures to conditional sales vendor. Referee's decision affirmed.

About the 8th of July, 1922, one Long was the owner of a grocery store and fixtures at Everett, Wash. Upon that day the bankrupt paid Long, contemplating the purchase of the store and fixtures, $200 as an option to purchase said property. Kracke went into the store and worked with Long, to see how the business was conducted, it being largely a credit business, and to satisfy himself with relation thereto, and to take an inventory. If satisfied, and the purchase concluded, the daily receipts were to be accounted for as of the 10th of July. The bill of sale was actually made on the 18th of July as of the 10th, and a conditional sales contract covering the fixtures was executed on the 18th, bearing date as of the 10th. Possession of the property was given to Kracke on the 18th of July, and the conditional sales contract was filed for record in the county auditor's office (Rem. C. S. of Wash. § 3790) on the 22d of July. Upon adjudication in bankruptcy the sum of $485 remained unpaid upon the conditional sales contract covering the fixtures. Long petitioned a return of the fixtures; objection was filed by the trustee, and upon the

hearing the referee directed the return, and the matter is before the court for review.

Louis A. Merrick, of Everett, Wash., for trustee.

Thomas A. Stiger, of Everett, Wash., for petitioner.

NETERER, District Judge. Rem. C. S. of Wash. § 3790, provides: "That all conditional sales of personal property * * * shall be absolute as to * * * subsequent creditors * * * unless within ten days after the taking of possession by the vendee, a memorandum of such sale * * * shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The Supreme Court of Washington holds[1] that the law means what it says and the 10 days must be computed from the date of possession under the conditional sales contract. The record is clear that possession was taken on the 18th of July, and this controls.

The decision of the referee is affirmed.

[1] Cook v. Wash.-Ore. Corp., 84 Wash. 68, 146 Pac. 156, 149 Pac. 325; Eilers Music House v. Ritner, 88 Wash. 218, 221, 152 Pac. 1008, 154 Pac. 787.