[No. 27127.  Department Two.  July 7, 1938.]

R. W. Umbarger, *Appellant*, v. A. F. Berrian *et al.,*
*Respondents.*[1]

*Edward A. Davis,* for appellant.

*Moulton & Powell,* for respondents.

Blake, J.—On, and for some time prior to, September
29, 1936, E. A. Westermeyer was the owner of a bull
and twelve cows, which were in the possession of A. F.
Berrian, under an agreement whereby the latter was
to keep them until December 1, 1937, at which time the
increase were to be equally divided and the original
stock to be returned to Westermeyer. On the date
mentioned, plaintiff Umbarger purchased the cattle.

'Reported in 80 P. (2d) 818.

The deal was consummated in the following manner: Westermeyer transferred the stock to Berrian, together with his share of the increase, for four hundred dollars. Berrian, on the same day, executed and delivered to Umbarger a bill of sale for the cattle, for which the latter gave his check for four hundred dollars. Berrian endorsed the check and turned it over to Westermeyer in settlement of their transaction. Umbarger left the stock in the possession of Berrian, where they have remained at all times with which we are concerned.

Umbarger did not file his bill of sale for record until August 24, 1937. On August 30, 1937, Berrian executed and delivered to defendants Switzler, Moulton, Powell, and First National Bank of Kennewick, a chattel mortgage on the cattle, to secure obligations owing by him to the mortgagees on and prior to September 29, 1936. The chattel mortgage was filed September 1, 1937.

Umbarger brought this action to cancel the chattel mortgage and to quiet his title to the stock. The defendants filed a cross-complaint, praying for the foreclosure of their chattel mortgage. The court entered a decree in favor of the defendants, holding that plaintiff's bill of sale, not having been filed within ten days, as required by Rem. Rev. Stat., § 5827 [P. C. § 7747], was void as to the mortgagees. Plaintiff appeals.

■■ Rem. Rev. Stat., § 5827 (1 H. C., § 1454), provides:

"No bill of sale for the transfer of personal property shall be valid, as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the said bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made."

Construing this section, in *Sayward v. Nunan,* 6 Wash. 87, 32 Pac. 1022, the court said:

"It is further contended by the respondents, if said instrument is to be regarded as a bill of sale, that in consequence of its not having been recorded within ten days after it was given, as is required by § 1454, Gen. Stat., it is absolutely void as to the existing or subsequent creditors, if the property, as is claimed, was not taken possession of by the vendee. This contention, however, is not well founded; *the failure to record the bill of sale within ten days would only protect such parties as had obtained intervening rights after its execution and before the time it was filed for record. Crippen v. Fletcher,* 56 Mich. 387 (23 N. W. Rep. 56). The respondents' rights under said execution levies did not accrue until some time after the instrument was recorded." (Italics ours.)

If this case still holds as authority, it is obvious that appellant's bill of sale is not void as to respondents, for the latter obtained no *intervening rights* under the Berrian mortgage. Respondents contend that the case is not authority for the principle stated in the above quotation, since the court went on to hold, upon the facts, that the instrument under consideration was not an absolute bill of sale. But we think the issue decided was clearly in the case. So, if it has not been overruled, *Sayward v. Nunan* has stood more than forty-five years as authority for the proposition that a bill of sale, although not filed within ten days, is void only as to such creditors as obtain intervening rights.

The case has never been explicitly overruled. Respondents contend, however, that it has been impliedly overruled in *Schloss v. Stringer,* 113 Wash. 529, 194 Pac. 577. Although in that case it is broadly stated that a bill of sale, not filed within ten days, is void as to existing creditors, from the facts stated in the opinion it is at once apparent that the creditor had obtained *intervening rights.* Since *Sayward v. Nunan* was not mentioned in the opinion, and since it is distinguishable

on the facts, we are of the view that the earlier case was not impliedly overruled.

The trial court put much reliance upon the case of *American Multigraph Sales Co. v. Jones,* 58 Wash. 619, 109 Pac. 108, wherein Judge Chadwick, distinguishing *Sayward v. Nunan,* used, in discussing 1 H. C., § 1454 (Rem. Rev. Stat., § 5827), language equally as broad as that used in *Schloss v. Stringer, supra.* But in that case, the court had under consideration the conditional sales statute then in force. Laws of 1893, chapter 106, § 1, p. 253 (Rem. & Bal. Code, § 3670). That section provided that a conditional bill of sale, where property was delivered to the vendee, was void as to *all creditors,* unless filed within ten days. And in the case just cited, the court held that, if not so filed, the conditional bill of sale was void as to creditors, even though they had not obtained intervening rights. The court, however, receded from this holding in *Malmo v. Washington Rendering & Fertilizing Co.,* 79 Wash. 534, 140 Pac. 569, where it held that all creditors meant only such creditors as have acquired some sort of lien on the property. The court adhered to this ruling until Laws of 1893, chapter 106, § 1 (Rem. & Bal. Code, § 3670), was amended by Laws of 1915, chapter 95, p. 276, wherein it was enacted that conditional sales of personal property shall be absolute *"whether or not such creditors have or claim a lien upon such property,"* unless a memorandum of the sale be filed within ten days. See *Eilers Music House v. Ritner,* 88 Wash. 218, 152 Pac. 1008, 154 Pac. 787.

The court construed the statute requiring chattel mortgages to be recorded (Rem. & Bal. Code, § 3660) in like manner, until it was similarly amended by Laws of 1915, chapter 96, p. 277, Rem. Rev. Stat., § 3780 [P. C. § 9747]. *Heal v. Evans Creek Coal & Coke Co.,* 71 Wash. 225, 128 Pac. 211; *Pacific Coast Biscuit Co. v.*

*Perry*, 77 Wash. 352, 137 Pac. 483. In the former case, the court said:

"Finally, it is contended that the court erred in allowing the mortgagees a lien upon the personal property of the mortgagor. The ground of this contention is that, notwithstanding such personal property was covered by the mortgage, the mortgage was void as to creditors of the mortgagor, and subsequent encumbrances in good faith, because not recorded in the manner mortgages upon personal property are required by the statute to be recorded. . . . Whether properly recorded or not, the mortgage was valid as between the mortgagor and mortgagee, and it is only creditors who have acquired some form of lien upon the mortgaged property that can question the right of the mortgagee to foreclose against such mortgaged property."

And in the latter case, it was stated:

"We are satisfied that this statute [Rem. & Bal. Code, § 3660] does not mean that an unrecorded mortgage may not thereafter be recorded in compliance with the statute, and become effective after the date of such recording as to all creditors, both prior and subsequent."

From this review of the cases, it is clear that, from *Sayward v. Nunan, supra,* the court maintained an harmonious rule of construction with respect to these kindred statutes (1 H. C., § 1454 [now Rem. Rev. Stat., § 5827]; Rem. & Bal. Code, § 3660; Laws 1893, chapter 106, § 1 [Rem. & Bal. Code, § 3670]), all of which were designed for the same purpose, and were structurally similar. The legislature acquiesced in the construction placed upon all these statutes by the court, until 1915, when, as we have pointed out, it amended the statutes relating to the recording of chattel mortgages and the filing of conditional bills of sale, in such manner as to modify the construction placed by the court upon Rem. & Bal. Code, § 3660 and Laws of 1893, chapter 106, § 1 (Rem. & Bal. Code, § 3670). It is a matter of more than

ordinary significance that the legislature did not at that time amend Rem. Rev. Stat., § 5827 (1 H. C. § 1454), so as to modify the construction placed upon it by the court in *Sayward v. Nunan, supra.* Since that case was decided, the statute has stood unamended.

From these facts, we think it is clear that the legislature has, silently at least, put its stamp of approval upon the meaning given to 1 H. C., § 1454 (Rem. Rev. Stat., § 5827), in *Sayward v. Nunan.* Under the circumstances, for us to now change the rule there laid down would amount to an amendment of the statute, which the legislature itself has not seen fit to make.

What was said in the opinion *En Banc* in *Eilers Music House v. Ritner, supra,* is pertinent to the present situation. That case involved the construction of Laws of 1893, chapter 106, § 1 (Rem. & Bal. Code, § 3670). A department of the court had held that a conditional bill of sale which had not been filed was absolute as to creditors of the vendee, although they had not acquired specific liens against the property. The decision obviously was contrary to the rule laid down in *Malmo v. Washington Rendering & Fertilizing Co., supra,* and upon rehearing *En Banc,* the court so held, saying: ·

"While we are not in harmony as to which rule is the better, were the question a new and independent one, we are all of the opinion that, as the *Malmo* case announced a rule of property, and property rights have become fixed and determined thereunder, the doctrine of *stare decisis* demands it be followed, except as otherwise determined by the act of 1915."

With equal force it must be said that the case of *Sayward v. Nunan, supra,* announced a rule of property, and the doctrine of *stare decisis* demands that it be followed. Respondents, therefore, acquired no lien under their mortgage from Berrian upon the stock described in the latter's bill of sale to Umbarger.

354

The case is remanded, with directions to modify the decree accordingly.

MILLARD, GERAGHTY, SIMPSON, and ROBINSON, JJ., concur.